John T. CASADOS, Jerry Draper,
and Augustine Villalobos,
Plaintiffs–Appellants,

v.

The CITY AND COUNTY OF DENVER;
Federico Pena, in his official capacity as
Mayor of the City and County of Denver;
The Department of Public Works; and
William Roberts, in his official capacity
as Head of the City and County of Denver, Department of Public Works, Defendants–Appellees.

No. 95CA0702.

Colorado Court of Appeals,
Div. V.

July 25, 1996.

Rehearing Denied Aug. 22, 1996.

John Mosby, Elisa Moran, Denver, for Plaintiffs–Appellants.

Daniel E. Muse, City Attorney, Darlene M. Ebert, Assistant City Attorney, Luis A. Corchado, Special Counsel, Denver, for Defendants–Appellees.

Opinion by Judge ROY.

In this action challenging the constitutionality of the City and County of Denver's mandatory drug testing program, plaintiffs, John Casados, Jerry Draper, and Augustine Villalobos, appeal the trial court's dismissal of their claims against defendants, the City and County of Denver (the City); Federico Pena, in his official capacity as mayor; and William Roberts, in his official capacity as head of the City's Department of Public Works. We affirm.

In 1988, Mayor Federico Pena issued Executive Order 94 (the Order) relating to mandatory drug testing of city employees. Under the terms of the Order, supervisors may require city employees to submit to blood or urine tests if the supervisors have reasonable suspicion that the employees are using illegal drugs or alcohol or are under the influence of drugs or alcohol. Also, if there has been a workplace accident that may have been caused by human error which could be drug or alcohol related, then supervisors may require employees involved in the accident to submit to testing even if they do not exhibit symptoms of being under the influence.

Employees who test positive or who refuse to be tested are subject to disciplinary action, including dismissal. Alternatively, employees who test positive may be evaluated for drug or alcohol abuse problems and ordered to undergo treatment.

A city employee who is disciplined or dismissed because of illegal drug use substantiated by a drug test pursuant to the Order

may appeal the matter to the Denver Career Service Board (the Board). The Board is then required to appoint a hearings officer who is required to conduct a hearing, make findings, and impose sanctions, if appropriate. Denver City Charter § C5.25. If the hearings officer upholds the discipline, the employee may appeal that order to the Board, which is bound by the hearings officer's findings of fact. Denver Career Service Board Rule 19–10.

Plaintiffs are employees or former employees of the City who, for various reasons, were ordered to undergo drug and/or alcohol tests by their supervisors and, therefore, have been personally affected by the Order.

The appointing authority (department head) dismissed Casados and Draper for refusing to submit to a drug test based upon a supervisor's suspicion that they were under the influence of a drug or alcohol on the job. On appeal, the hearings officer found that the City did not have reasonable suspicion to order any testing of Casados and Draper. Casados was reinstated with back pay. However, the hearings officer upheld Draper's dismissal on other grounds.

With respect to plaintiff Villalobos, he was suspended for one day for an excessively long break. Villalobos was not required to submit to a test under the Order; he was, however, required to submit to a blood test because of other health-related matters, but the test was never conducted. The hearings officer upheld the suspension.

None of the three named plaintiffs now before us appealed any disciplinary action to the Board.

In February 1990, plaintiffs, along with one other city employee, filed this action individually and as representatives of a purported class of similarly situated persons challenging the Order as facially unconstitutional and requesting declaratory and injunctive relief barring its enforcement and damages. The proceeding was never certified as a class action, and the trial court dismissed plaintiffs' facial challenge to the constitutionality of the Order for failure to state a claim upon which relief could be granted.

On appeal, our supreme court in *City & County of Denver v. Casados,* 862 P.2d 908 (Colo.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994), held that plaintiffs did not state a claim that the order was facially unconstitutional. The court further held that the City may test for on-duty drug or alcohol use or impairment by employees who are not in safety-sensitive positions so long as it has reasonable suspicion that they are under the influence of alcohol or drugs. The court remanded the matter to the trial court for further proceedings on an as-applied challenge to the constitutionality of the Order. Those challenges are the subject of this appeal.

After remand, plaintiffs filed, with leave of the trial court, a second amended complaint pursuant to 42 U.S.C. § 1983 (1994) alleging that the Order, as applied, violated the Fourth Amendment and the equal protection clause of the Fourteenth Amendment.

Defendants again moved to dismiss under C.R.C.P. 12(b), which motion was treated as a motion for summary judgment under C.R.C.P. 56 because supporting affidavits and documents were filed in support of the motion. C.R.C.P. 12(b).

As pertinent to this appeal, the trial court, citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), and *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), dismissed plaintiffs Casados, Draper, and Villalobos' 42 U.S.C. § 1983 claims because the city officials who took or participated in any disciplinary action with respect to these plaintiffs were not capable of binding the City for 42 U.S.C. § 1983 purposes. The court held that the Board, pursuant to the Denver City Charter, makes final decisions relating to employment which are binding on the City for 42 U.S.C. § 1983 purposes. The trial court certified the order under C.R.C.P. 54 as to the dismissal of the claims by Casados, Draper, and Villalobos, and this appeal followed.

## I.

■ Initially, we note that summary judgment is a drastic remedy and is never

warranted except upon a clear showing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Graven v. Vail Associates, Inc.,* 909 P.2d 514 (Colo.1995). A party moving for summary judgment has the initial burden of establishing that no genuine issue exists as to any material facts. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985). The party against whom summary judgment is sought is entitled to all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987).

## II.

■ Plaintiffs first contend that the trial court erred in determining that the Board is the final policymaking authority for employment decisions relating to the Order. We find no merit in plaintiffs' contention.

## A.

■ Under 42 U.S.C. § 1983, a municipality is not liable for the acts of any of its employees by application of the doctrine of respondeat superior. Rather, a municipality is liable when its employee or agent deprives a person of his constitutional rights in implementing or executing a policy. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Givan v. City of Colorado Springs,* 876 P.2d 27 (Colo.App.1993), *rev'd on other grounds,* 897 P.2d 753 (Colo.1995).

■ Such a policy may be evidenced either by an express ordinance or other enactment adopted by the municipality's policymakers or by a widespread practice so permanent and well settled as to constitute a "custom or usage" having the force of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Even in the absence of an express policy or a persistent practice, a single decision by one of the entity's policymakers in a particular instance may represent the establishment of a "policy" for that specific circumstance so as to render the municipality liable for that decision. *Pembaur v. City of Cincinnati, supra.*

■ In this latter instance, the decision must be one that is final. If the action is subject to further review, it is the action taken upon that review and not the initial decision which represents the official policy of the entity. *City of St. Louis v. Praprotnik, supra; see County of Adams v. Hibbard,* 918 P.2d 212 (Colo.1996); *see generally* M. Schwartz & J. Kirklin, *Section 1983 Litigation* § 7.7 (2d ed.1991).

■ A court should determine final policymaking authority based on state and local law. *City of St. Louis v. Praprotnik, supra.*

## B.

Here, contrary to plaintiffs' assertion, the issue is not the Order itself, which our supreme court held to be constitutional, but whether the City had a policy of applying the Order in an unconstitutional manner.

The charter provision dealing with the Board, Denver City Charter § C5.25, states in relevant part:

The Career Service Board shall:

. . . .

3. From time to time make, amend, and repeal personnel rules governing the Career Service, providing for just and efficient personnel management and the creation and development of a merit system, providing for equal employment opportunities, and for the manner and means or methods in and by which the duties and powers bestowed upon it by this Charter shall be carried out;

4. Appoint one or more hearings officers to hear and decide appeals by employees and by applicants for employment in the Career Service from the administrative actions of officers and employees relating to personnel matters, in accordance with personnel rules adopted or to be adopted by the Career Service Board, and, at such hearings, receive evidence, determine the facts de novo, and issue a decision which shall be a final order, *subject to the deci-*

*sion being stayed or reconsidered by the Career Service Board.* (emphasis added)

Denver Career Service Board Rule 19–10 states in relevant part:

The following administrative actions relating to personnel matters shall be subject to appeal:

. . . .

(b) *Actions of an appointing authority:* Any action of an appointing authority resulting in dismissal, suspension, disqualification, layoff, or involuntary retirement ... which results in alleged violation of the Career Service Charter Provisions, or Ordinances relating to the Career Service, or the Personnel Rules.

(c) *Discriminatory actions:* Any action of any officer or employee resulting in alleged discrimination because of race, color, creed, national origin, sex, age, political affiliation, sexual orientation, or disability. . . .

In *Randle v. City of Aurora,* 69 F.3d 441, 448 (10th Cir.1995), the court, relying on *City of St. Louis v. Praprotnik, supra,* and *Pembaur v. City of Cincinnati, supra,* announced a three-part test to determine the final policymaker in 42 U.S.C. § 1983 cases:

[W]e can identify three elements that help determine whether an individual is a 'final policymaker': (1) whether the official is meaningfully constrained 'by policies not of the official's own making;' (2) whether the official's decision are [sic] final—i.e., are they subject to any meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority.

In our view, the Board is the final policymaker regarding the implementation of personnel rules. The Board meets all of the criteria set forth in *Randle,* and a hearings officer satisfies only the third. While the Charter states that a hearings officer's decision is a "final order," that decision is, nevertheless, subject to appeal to, and review and modification by, the Board. A hearings officer's decision is simply an intermediate decision which is subject to change by the Board.

Therefore, the Board is responsible for establishing final policy with respect to the subject matter in question. *County of Adams v. Hibbard, supra.*

 Plaintiff Villalobos, however, further contends that in his case, in which the hearings officer reversed his dismissal, the hearings officer's decision was the final decision. The issue is not, however, who took final action, but whether that person or entity had the power to establish final policy with respect to the issue. In the instance of Villalobos, he obtained substantially all of the relief to which he was entitled within the administrative proceedings, and no act adverse to him was taken by the Board. *See Givan v. City of Colorado Springs, supra; see also Archuleta v. Colorado Department of Institutions,* 936 F.2d 483 (10th Cir.1991).

Plaintiffs contend that the phrase "final order" contained in the Charter indicates that the hearings officer is the final policymaker. In our view, that language does not mandate that conclusion because there is, in fact, an appeal to the Board, which, while bound by the factual findings of the hearings officer, has authority over the sanction and has other responsibilities with respect to personnel matters.

Therefore, the trial court did not err in dismissing plaintiffs' claims. There was, in our view, no genuine issue as to a material fact as to the identity of the final policymaker, here the Board, not the hearings officer. The Board took no action with respect to any of the disciplinary matters relating to these plaintiffs.

### III.

 Last, plaintiffs argue that the trial court abused its discretion in limiting plaintiffs' discovery request regarding blood testing of city employees from 1989 to 1992 and in denying plaintiffs' motion for sanctions for defendants' alleged failure to produce such discovery. Plaintiffs argue that the information is necessary to their class action.

The named plaintiffs on appeal have been dismissed from the action because they have no claims under 42 U.S.C. § 1983. Also, they are not representatives of a class of

persons who may have claims under 42 U.S.C. § 1983 and remain in the action, and therefore, they cannot represent the class in making these arguments. C.R.C.P. 23(a); *see Darnall v. City of Englewood,* 740 P.2d 536 (Colo.App.1987) (interest of a named plaintiff must be in *full* harmony with those of the class members). Therefore, plaintiffs may not appeal trial court rulings concerning the class action claims.

The judgment of dismissal of the claims of these parties is affirmed.

RULAND and CASEBOLT, JJ., concur.