Elizabeth T. **WALTER**, Plaintiff–
Appellant,

v.

The **CITY AND COUNTY OF DENVER**,
Defendant–Appellee.

No. 97CA1908.

Colorado Court of Appeals,
Div.III.

Dec. 10, 1998.

Rehearing Denied Feb. 18, 1999.

Certiorari Denied Aug. 23, 1999.*

---

\* Justice RICE would grant as to the following issue:

> Whether the court of appeals erred in reversing the district court's grant of summary judgment to the City and County of Denver on Plaintiff–Respondent's 42 U.S.C. §1983 claim for alleged deprivation of property without due process of law inasmuch as: (a) the Plaintiff–Respondent failed to produce evidence of a

widespread practice of the city to delay the payment of workers' compensation benefits; (b) the Plaintiff–Respondent was provided all of the process to which she was entitled; and (c) to allow her due process claim to proceed under the facts of this case would be contrary to the General Assembly's policy that workers' compensation claims be adjudicated only through the statutory workers' compensation.

Scott Meiklejohn, LLC, Scott Meiklejohn, Denver, Colorado, for Plaintiff–Appellant

Daniel E. Muse, City Attorney, Richard A. Stubbs, Assistant City Attorney, Office of the City Attorney, Denver, Colorado, for Defendant–Appellee

Opinion by Judge JONES.

Plaintiff, Elizabeth Walter, appeals the summary judgment entered in favor of defendant, the City and County of Denver. We reverse and remand.

Plaintiff sought damages on the theory that the City had infringed on her due process rights in violation of 42 U.S.C. §1983 (1994). Specifically, plaintiff alleges, in essence, that the City systematically delayed her receipt of Workers' Compensation benefits pursuant to a custom or usage that had the force of law. She alleges that, in implementing the policy, the City violated her due process right to receive Workers' Compensation benefits in accordance with §8–40–101, et seq., C.R.S.1998.

A municipality may be held liable under §1983 when, in the process of implementing or executing a policy, its employee or agent deprives a person of a constitutional right. *Casados v. City & County of Denver*, 924 P.2d 1192 (Colo.App.1996). Further, the "policy" need not be codified, but may be evidenced by a widespread practice so permanent and well settled as to constitute a custom or usage having the force of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Here, after the pleadings were filed, the City moved for summary judgment, alleging that there was no evidence of a policy or practice of denying or challenging Workers' Compensation claims. Plaintiff responded by attaching an affidavit from a lawyer who had represented a number of injured workers employed by the City, stating that she had "observed a pattern and practice of the City routinely denying benefits without justification."

The affidavit gave the names of seven clients whose cases formed the basis of the opinion. It detailed the facts of one of the cases, including the allegation that, after losing on appeal, the City delayed to the point that additional litigation was required to

"bring the City into compliance with the Administrative Law Judge's original order." Further, the lawyer stated that she had extensive discussions with several other attorneys who frequently encountered the same problems, and she provided the names of those attorneys.

Additionally, plaintiff referred to her answers to interrogatories which noted that, at a hearing regarding the City's partial withholding of the benefits she had been awarded, the City "admitted it had no reason for not having paid." Corroborating this contention, plaintiff also directed attention to an administrative law judge's order finding that the City "did not set forth a reason nor did [it] have any legal rationale for taking [an] offset [from benefits that it paid pursuant to another order]."

Plaintiff's interrogatory answers also stated that, with regard to a subsequent claim, the City failed to pay the benefits she had been awarded in that claim, based on an assertion that it had not "understood the order or agree[d] with it." After the court there had issued a clarifying order, the City still allegedly withheld part of the award, forcing further litigation. Lastly, plaintiff's interrogatory answers stated that the City had wrongly contended that it had paid certain benefits, but, on the eve of a hearing on the issue, conceded that the benefits had not been paid.

In reply, the City attached an affidavit prepared by the Manager of the Workers' Compensation Unit stating that the majority of claims filed with that office are processed and paid without incident, and that less than five percent of the claims are "questionable or requir[ed] litigation." The affidavit also expressly denied the existence of any policy of denying or challenging claims.

The court granted summary judgment for the City on the grounds that plaintiff's factual allegations were insufficient, as a matter of law, to support her claims of a widespread policy to delay benefits. The court also stated that this was "particularly so" in light of the affidavit attached to the City's reply.

## I.

Plaintiff first contends that the court erred in granting summary judgment for the City on the ground that the evidence cited in plaintiff's response was insufficient as a matter of law to raise a genuine issue of material fact regarding the existence of a usage or custom of delaying the processing of Workers' Compensation benefits. We agree.

Summary judgment is appropriate when the pleadings, affidavits, depositions, or admissions show that there is no genuine issue as to any material fact. C.R.C.P. 56(h); *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991).

Further, mere conclusory statements are not sufficient to raise genuine factual issues. *Ellerman v. Kite*, 625 P.2d 1006 (Colo.1981). Thus, when an affidavit states conclusions on the ultimate issues without including facts that tend to prove or disprove the allegations, it is insufficient to give rise to genuine issues. *Ginter v. Palmer & Co.* 196 Colo. 203, 585 P.2d 583 (1978).

On appeal, our review of a grant of summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

Here, the parties agree that, in order to succeed on her 42 U.S.C. §1983 claim, plaintiff must show the existence of a widespread practice so pervasive and well-settled as to constitute a custom or usage having the force of law. Thus, the issue presented is whether plaintiff has alleged facts sufficient to give rise to a genuine issue as to whether such a custom or usage existed. We determine she has presented such allegations.

First, the affidavit attached to plaintiff's response contained specific factual allegations including the names of cases that, in the affiant lawyer's expert opinion, were subject to, and demonstrated, the alleged custom and usage of delay. With regard to one of the cases, the affiant stated that the City delayed payment of benefits after losing on appeal, and that additional litigation was required to "bring the City into compliance with the Administrative Law Judge's original order." Further, the affidavit named other lawyers

who could corroborate the expert's perception of the usage and custom.

Plaintiff's response also referenced her answers to interrogatories, alleging a number of unjustified delays that had occurred in her own cases. Rather than mere conclusory statements, these allegations were concrete factual allegations that could assist the trier of fact in arriving at its own conclusions. *Ginter v. Palmer & Co., supra.*

Thus, the court erred in granting summary judgment on the grounds that plaintiff failed to show the existence of a genuine issue of material fact.

## II.

On appeal, the City offers two theories as alternate grounds for upholding the summary judgment. First, it claims that plaintiff was not deprived of a constitutionally protected right, and secondly, it argues that, even if she was so deprived, she was given all the process she was due. We reject both theories.

42 U.S.C. §1983 provides in pertinent part:

> Every person, who under the color of statute, ordinance, regulation, custom, or usage of any State ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress....

In short, in order to succeed on a §1983 claim, the plaintiff must show that she was deprived of a federally protected right under color of law. As noted above, a showing of a widespread practice so permanent and well-established as to constitute a usage or custom is sufficient to show that the deprivation occurred under color of state law. *See Casados v. City & County of Denver, supra.*

## A.

The City first asserts that, since plaintiff has admitted that she eventually received the benefits to which she was entitled, she was not deprived of a federally protected right. We disagree.

At some point, a delay in receiving a statutorily created benefit can ripen into a due process violation. *See Electric Power Research Institute, Inc. v. Denver,* 737 P.2d 822 (Colo.1987)(acknowledging that delay in providing refund to which plaintiff was entitled can constitute due process violation when plaintiff can show prejudice from delay). *See also Kraebel v. New York City Department of Housing Preservation & Development,* 959 F.2d 395 (2d Cir.1992)(reimbursement to which plaintiff was entitled delayed for four years); *Kelly v. Railroad Retirement Board,* 625 F.2d 486 (3d Cir.1980)(delay of almost four years in processing of disability application constituted denial of due process).

Here, we cannot say, as a matter of law, that the damages that resulted from the delays alleged by plaintiff, including mental and emotional pain and suffering, loss of enjoyment of life, and damage to her credit, did not ripen into constitutional due process violations.

## B.

The City also contends that, since plaintiff had judicial remedies available to redress the City's alleged delays, any deprivation that she experienced was imposed after affording her due process. The City, however, cannot rely on the mere existence of a system of judicial enforcement to compensate for its allegedly intentional efforts to delay the payment of benefits to which plaintiff was due. *Cf. Kraebel v. New York City Department of Housing & Development, supra.*

The judgment is reversed and the cause is remanded for further proceedings on plaintiff's complaint.

Judge DAVIDSON and Judge RULAND concur.