James C. QUINN and Jacqueline R. Quinn, Plaintiffs–Appellants,

v.

CASTLE PARK RANCH PROPERTY OWNERS ASSOCIATION, INC., Defendant–Appellee.

No. 02CA0942.

Colorado Court of Appeals, Div. V.

April 10, 2003.

Certiorari Denied Sept. 22, 2003.

---

§ 24–51–1105, C.R.S.2002.

Tobey & Toro, P.C., Jeanne M. Toro, Englewood, Colorado, for Plaintiffs–Appellants.

White and Steele, P.C., John M. Lebsack, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

In this appeal concerning limits on common interest community assessments, plaintiffs, James C. Quinn and Jacqueline R. Quinn, appeal the judgment entered in favor of defendant, Castle Park Ranch Property Owners Association, Inc. We reverse and remand.

In 1997, plaintiffs purchased a parcel of land described as Tract 1, Castle Park Ranch, Phase 1. A "Declaration of Protective Covenants for Castle Park Ranch" (Original Declaration) was recorded in August 1993. A "Supplemental Declaration of Protective Covenants for Castle Park Ranch" was recorded in 1994.

The Original Declaration states that the Association will operate according to bylaws that shall provide that every property owner in Castle Park Ranch will be a member of the Association. It also states that the bylaws shall provide that the Association's purposes will be to: (1) own, maintain, and improve utility, access, and roadway easements; (2) enforce the protective covenants; (3) assess property owners annual dues; (4) see that assessment funds are used as intended; and (5) provide upkeep and improvement to all noncounty roads in Castle Park Ranch.

The Original Declaration includes a provision governing the common expense liability of members:

> Members shall pay assessments to the Association and the Association shall have the power and right to make assessments and to collect such assessments from the members.... The average annual common expense liability to the Association of each parcel restricted to residential purposes, exclusive of optional user fees and any insurance premiums paid by the Association, shall not exceed Three Hundred Dollars ($300.00).

In 1999, the Association conducted two meetings at which its members voted to pave a private road within Castle Park Ranch. As a result of the meetings, the Association levied a "special assessment" of $17,500 against each member to be paid in 1999 for the cost of paving the road. This assessment was in addition to the assessment on each property owner for 1999 annual dues to the Association.

Plaintiffs refused to pay the special assessment and sued the Association for, as pertinent to this appeal, a declaratory judgment that the Association does not have authority to make assessments on their property ex-

ceeding an average of $300 per year and that the Supplemental Declaration is not applicable to plaintiffs' tract. The Association filed an answer denying plaintiffs' claims and asserted a counterclaim for the unpaid special assessment plus interest, attorney fees, and costs.

Both parties filed motions to determine questions of law pursuant to C.R.C.P. 56(h) and cross-motions for summary judgment. The trial court granted the Association's motions and entered judgment declaring that the Association had authority to make the assessments, that plaintiffs' property was subject to the Supplemental Declaration, and that the Colorado Common Interest Ownership Act (CCIOA), § 38-33.3-101, et seq., C.R.S.2002, does not govern the issues in this case. It also entered judgment in favor of the Association for the special assessment plus interest, attorney fees, and costs. This appeal followed.

## I.

■ Plaintiffs contend that the trial court erred in ruling that the Association was authorized to impose the special assessment on their property. They argue that the Association's authority to make assessments on their property on their property is limited by the Original Declaration and the CCIOA to an average annual common expense liability not exceeding $300. We agree.

Appellate courts review summary judgments de novo. Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *West Elk Ranch, L.L.C. v. United States,* 65 P.3d 479 (Colo. 2002); *Walter v. City & County of Denver,* 983 P.2d 88 (Colo.App.1998).

■ Construction of a covenant is a question of law that is reviewed de novo. Courts must follow the dictates of plain English in interpreting a covenant, and a covenant that is clear on its face will be enforced as written. Covenants are construed as a whole, keeping in mind their underlying purpose. *Buick v. Highland Meadow Estates at* *Castle Peak Ranch, Inc.,* 21 P.3d 860 (Colo. 2001); *Rossman v. Seasons at Tiara Rado Associates,* 943 P.2d 34 (Colo.App.1996).

The language of the Original Declaration clearly limits the Association's authority to impose assessments for its annual common expenses. It is not disputed that the special assessment far exceeds this limitation. Thus, the special assessment of $17,500 was not authorized by the Original Declaration.

The Association argues that the Original Declaration authorized the creation of the Association and that the Association's bylaws provide for assessments for road improvements without limitation, if such expenditures have been properly approved by the members. Thus, the Association argues, the special assessment was authorized under the Original Declaration and the bylaws. We are not persuaded.

Article II of the bylaws provides that a proportionate part of the common expenses of the Association shall be assessed against each parcel owner, "as provided in the [Original Declaration]." Article X of the bylaws states that:

> Whenever, in the judgment of the Board, common facilities such as roads shall require additions, alterations or improvements costing in excess of $1,000.00, said alterations and improvements shall not be made unless they have been approved by a majority of the members present and voting at a meeting at which a quorum is present. When said approval has been obtained, all members shall be assessed for the cost thereof as a common charge.

The Association interprets Article X to authorize the special assessment for road improvements. In urging this interpretation, the Association ignores the Original Declaration's express limitation on the common expense liability of property owners, the obligation of the Association to enforce the covenants contained in the Original Declaration, and the mandate of Article II for the board to assess and collect the common expenses of the Association "as provided in the [Original Declaration]."

Moreover, as plaintiffs contend, Article X can be interpreted in a manner that is har-

monious with the Original Declaration and with Article II, if it is read as only providing a method for obtaining approval for expenditures in excess of $1,000. Because this interpretation makes Article X consistent with both Article II and the Original Declaration, we give it such an interpretation. *See Buick v. Highland Meadow Estates at Castle Peak Ranch, Inc., supra* (covenants to be construed as a whole and doubts about restrictions are resolved in favor of unrestricted use of property).

Interpreting Article X as urged by the Association would eliminate the common expense limitation in the Original Declaration, which was recorded and intended to run with the land. The Original Declaration is clear on its face and must be enforced as written. *See Wilson v. Goldman,* 699 P.2d 420 (Colo. App.1985).

Further, certain provisions of the CCIOA lead us to conclude that Article X cannot eliminate the common expense limitation in the Original Declaration.

The trial court found that the CCIOA did not govern the issues in this case because the Original Declaration provided for common expense limitations under § 38–33.3–116(1), C.R.S.2002, and thus, the Association was exempted from most of the CCIOA provisions. Neither party contests this finding.

The CCIOA is intended to "establish a clear, comprehensive, and uniform framework for the creation and operation of common interest communities." Section 38–33.3–102(1)(a), C.R.S.2002. Generally, common interest communities created after July 1, 1992, are governed by the CCIOA. Section 38–33.3–115, C.R.S.2002. However, "if a planned community provides, in its declaration, that the annual average common expense liability of each unit restricted to residential purposes, exclusive of optional user fees and any insurance premiums paid by the association, may not exceed three hundred dollars, it is subject only to [certain limited provisions of CCIOA]." Section 38–33.3–116(1).

As the trial court found, the Association is exempted from the CCIOA because the Original Declaration specifically limits each member's annual average common expense liability to $300. Thus, it would undermine the purpose of the CCIOA to allow the Association to be exempted from the CCIOA and, at the same time, not be bound by the very restriction that allows for the exempted status. Having opted for exemption from the CCIOA, the Association cannot refuse to be bound by the limitation on common expenses incorporated into the Original Declaration. Thus, the Association's interpretation of Article X is untenable.

Accordingly, we conclude that the special assessment is contrary to the plain language of the Original Declaration and that the by-laws do not authorize the Association to make such an assessment. Further, the Association's election under § 38–33.3–116(1) of the CCIOA prevents it from making the special assessment. Therefore, the special assessment is invalid with respect to plaintiffs. *See Lovering v. Seabrook Island Property Owners Ass'n,* 289 S.C. 77, 344 S.E.2d 862 (S.C.Ct.App.1986), *aff'd as modified,* 291 S.C. 201, 352 S.E.2d 707 (S.C.1987) (association not authorized to levy special assessments where neither the protective covenants nor the bylaws give association such power); *Brooks v. Northglen Ass'n,* 76 S.W.3d 162 (Tex.App.2002)(homeowners association lacked authority to impose assessments in excess of limitation stated in restriction); *Anderson v. Lake Arrowhead Civic Ass'n,* 253 Va. 264, 483 S.E.2d 209 (1997)(covenant limiting the amount community association could assess precluded association from increasing assessment).

## II.

Plaintiffs also contend that the trial court erred in concluding that the Supplemental Declaration applies to their property. Again, we agree.

The Supplemental Declaration specifically states that it supplements the Original Declaration "but only as to the lands described on Exhibit I hereto and the lands described in the Addendum hereto." The Addendum states that the owners of tracts of land in Castle Park Ranch signing the Addendum agree to join and affirm the provisions and covenants contained in the Supplemental

Declaration. Plaintiffs assert that the Addendum does not refer to their property and does not contain their signatures or the signatures of any prior owner of plaintiffs' tract and that their tract is not contained in the property described in Exhibit I. Defendant does not any either of these assertions.

The plain terms of the Supplemental Declaration provide that it does not apply to plaintiffs' tract. The trial court erred in concluding otherwise. *See Wilson v. Goldman, supra.*

Having determined that the special assessment was invalid as to plaintiffs, we necessarily conclude that the judgment against plaintiffs based on that assessment must be reversed.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge TAUBMAN and Judge CASEBOLT concur.