Jacqueline E. STIFF, Plaintiff–Appellant,

v.

BILDEN HOMES, INC., a Colorado
corporation, Defendant–
Appellee.

No. 02CA1838.

Colorado Court of Appeals,
Div. II.

Aug. 28, 2003.

As Modified on Denial of Rehearing
Oct. 9, 2003.

Beck and Cassinis, P.C., Howard J. Beck,
Heidi M. Miller, Aurora, Colorado, for Plain-
tiff–Appellant.

Higgins, Hopkins, McLain & Roswell,
LLC, Sheri H. Roswell, David M. McLain,
Geoffrey N. Blue, Lakewood, Colorado, for
Defendant–Appellee.

Opinion by Judge NEY.

Plaintiff, Jacqueline E. Stiff, appeals the
summary judgment entered in favor of de-
fendant, BilDen Homes, Inc., on her claims
for negligence, breach of implied warranty,
negligent misrepresentation, false represen-
tation, concealment and nondisclosure,
breach of contract and express warranty, and
consumer protection. We affirm in part, re-

verse in part, and remand for further proceedings.

Plaintiff purchased a new home from defendant in November 1994. Prior to construction, a soils report prepared for defendant recommended the use of structural floors rather than slab-on-grade floors because expanding soils on the lot would cause the slab-on-grade floors to move. The report, however, provided alternative specifications for the construction of slab-on-grade flooring if the owner was willing to accept the risk of slab movement. It cautioned that the alternative specifications "will not prevent movement, but would reduce damage if movement occurred." The home was constructed with slab-on-grade basement and garage floors with the alternative specifications. Plaintiff was aware at closing of the soils report, the engineering recommendations, and the use of the slab-on-grade flooring.

In October 1995 and May 1996, plaintiff's husband notified defendant of construction problems, including cracks in the basement drywall, which he claimed were construction defects and were covered under the warranty. Defendant responded that it was financially unable to address these claims. The cracking of the drywall was later determined to be solely attributable to another contractor, who remedied the situation.

In September 1996, plaintiff hired a consultant engineer to inspect the property and received a written report concluding that the movement of the floor was "to be expected." In November 1998, the same engineer reinspected the house and concluded that the floor movement was "not excessive."

In September 1999, plaintiff's husband noticed that the walls in the basement were moving away from each other, and in June 2000, he noticed that the furniture in the basement rooms was tilting. In February 2001, plaintiff filed this action.

The trial court granted summary judgment for defendant on the ground that plaintiff's claims were barred by the statute of limitations and that plaintiff's negligence and negligent misrepresentation claims were barred based on the economic loss rule. This appeal followed.

## I.

Plaintiff contends that the trial court erred in granting summary judgment on her negligence claim based on the expiration of the statute of limitations. She asserts that there is a disputed issue of fact as to when the damage occurred to begin the running of the statute of limitations. We agree.

Review of a summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251 (Colo.1995).

Summary judgment is appropriate when the moving party can demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Burman v. Richmond Homes Ltd.*, 821 P.2d 913 (Colo.App.1991). We, like the trial court, must view the evidence in the light most favorable to the nonmoving party. *Cissell Mfg. Co. v. Park*, 36 P.3d 85 (Colo. App.2001).

Plaintiff bases her claim of negligence on defendant's failure to follow the recommendation in the soils report to use structural flooring instead of slab-on-grade flooring.

## A.

Plaintiff first contends that the applicable statute of limitations is contained in §§ 13–80–102 & 13–80–108, C.R.S.2002, and not § 13–80–104, C.R.S.2002, concerning actions against builders. We decline to address this issue.

In reviewing the granting of summary judgment, we need only determine whether the trial court erred in concluding that there were no material facts in dispute. Because we conclude that a disputed issue of material fact remains as to the date that damage occurred and began the running of the statute of limitations, and because evidence in the record indicates that the damage may not have occurred until September 1999, which is within the limitations period of both statutes, we need not determine now which statute applies.

### B.

■ We conclude that summary judgment based on the statutes of limitation was not proper to bar plaintiff's negligence claim, because the record reflects a question of fact regarding the date on which plaintiff knew or should have known of the damage and its cause.

Although the statutes use slightly different language, as relevant here under both statutes, the limitations period begins when the plaintiff knew or should have known of the damage and its cause. *Compare* § 13–80–108(1), C.R.S.2002 ("a cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence"), *with* § 13–80–104(1)(b)(I), C.R.S. 2002 ("a claim for relief arises under this section at the time the claimant or the claimant's predecessor in interest discovers or in the exercise of reasonable diligence should have discovered the physical manifestations of a defect in the improvement which ultimately causes the injury").

However, not all damage is sufficient to begin the limitations period. The limitations period only begins when the plaintiff discovers or should have discovered damage that would entitle her to maintain a cause of action based on that damage. *See Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 226 (Colo.App.2002)(cause of action accrues when litigation could first have been successfully maintained); *Tucker v. Claimants in re Death of Gonzales*, 37 Colo.App. 252, 546 P.2d 1271 (1975).

Here, the builder installed slab-on-grade flooring and took action to accommodate a certain amount of movement. As a result, a certain amount of movement of the slab-on-grade floor was to be expected. It was not until the movement became greater than expected that any damage that was caused by the allegedly negligent act would permit plaintiff to maintain a cause of action. Accordingly, under the facts here, damage would arise to permit a successful cause of action only when the movement of the slab-on-grade flooring became excessive and the accommodations were no longer sufficient to control the damage.

Here, the evidence in the record indicates a dispute about when the movement of the floor became excessive. Viewing the evidence in the light most favorable to plaintiff, we conclude that the evidence of plaintiff's knowledge of the movement of the basement walls in September 1999 would be sufficient to support a finding that the damage only arose then, and the negligence claim thus would have been filed within the applicable limitation period. Accordingly, we conclude that the trial court erred in granting summary judgment on this claim based upon the statute of limitations.

### II.

Plaintiff contends that the trial court erred in granting summary judgment on her negligence claim based upon the economic loss rule. We agree.

■ The economic loss rule bars claims in tort where the damages suffered constitute solely economic loss from the breach of an express or implied contractual duty. *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256 (Colo. 2000).

■ However, the economic loss rule will not bar a tort claim if an independent duty of care exists under tort law. *Town of Alma v. AZCO Constr., Inc., supra.*

■ A homebuilder has an independent duty to act without negligence in the construction of a home. *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041, 1042 (Colo. 1983) ('An obligation to act without negligence in the construction of a home is independent of contractual obligations . . . ."); see also *Town of Alma v. AZCO Constr., Inc., supra* < (affirming the rule of *Cosmopolitan Homes* as an exception to the economic loss rule).

Here, plaintiff alleged that defendant was negligent in making certain decisions in constructing the residence. Because defendant had a duty independent of its obligations under the contract, to act without negligence in the construction of the home, it was error

for the trial court to grant summary judgment on the negligence claim based upon the economic loss rule.

### III.

Plaintiff contends that the trial court erred in granting summary judgment on her claims for breach of contract and express warranty. We disagree because we conclude that the statute of limitations barred these claims.

Plaintiff's contract and warranty claims are based on defendant's warranty that the house would be free from defects. These claims accrue upon discovery of defendant's failure to remedy the defects, rather than discovery of the defects themselves. *See Hersh Cos. v. Highline Vill. Assocs.*, 30 P.3d 221 (Colo.2001). Therefore, the applicable limitation period expires two years from that accrual date. *See* §§ 13–80–101, 13–80–108, C.R.S.2002.

Here, in November 1996, after plaintiff sent defendant a letter outlining the apparent defects and requesting that they be remedied, defendant responded that "at this time [defendant] is unable financially to review your concerns." In December 1996, plaintiff's husband responded with a demand that defendant honor its warranty. Plaintiff specified in an interrogatory response that October 1996 was the date "that any representative of [defendant] made a representation to [her] that [defendant] was unwilling or unable to make further repairs to the Residence or the Property."

Even viewing this evidence in the light most favorable to plaintiff, we conclude that the undisputed facts show that plaintiff was on notice in December 1996 that defendant was refusing to perform warranty work on the home. *See Walter v. City & County of Denver*, 983 P.2d 88 (Colo.App.1998)(mere conclusory statements are not sufficient to raise genuine factual issues). As a result, the three-year statute of limitations applies to bar plaintiff's breach of contract and express warranty claims filed in February 2001.

### IV.

Plaintiff contends that the trial court erred in granting summary judgment on her claim under the Colorado Consumer Protection Act. We disagree.

Section 6–1–115, C.R.S.2002, of the Consumer Protection Act provides that "[a]ll actions brought under this article must be commenced within three years ... after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."

We conclude that in September 1996, when plaintiff received the engineer's report describing the construction techniques and how those techniques caused damage to plaintiff's home, she discovered or should have discovered the occurrence of any false, misleading, or deceptive act or practice. *See Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274 (Colo.App.1993)(under both §§ 6–1–115 and 13–80–108, an action for deceptive trade practice accrues when the plaintiff discovers or should have discovered the misconduct in question). Accordingly, her Consumer Protection Act claim filed in February 2001 was untimely.

### V.

Plaintiff contends that the trial court erred in granting summary judgment on her claims of breach of implied warranty, negligent misrepresentation, false representation, and concealment and nondisclosure. We disagree because plaintiff never asserted any specific acts of defendant on which to base recovery on these remaining claims.

The judgment is reversed as to plaintiff's negligence claim, and the case is remanded to the trial court for further proceedings on that claim consistent with the views expressed herein. In all other respects, the judgment is affirmed.

Judge WEBB and Judge PIERCE * concur.

---

\* Sitting by assignment of the Chief Justice under

provisions of Colo. Const. art. VI, § 5(3), and