Helen ANDREWS, Plaintiff–Appellant,

v.

Davide PICARD, Constructive Alternatives, Inc., and Laurie Skrederstu, Defendants–Appellees.

No. 05CA2566.

Colorado Court of Appeals, Div. III.

June 28, 2007.

Rehearing Denied Aug. 2, 2007.

Certiorari Denied Nov. 19, 2007.

Bennington Johnson Biermann & Craigmile, LLC, Kenneth R. Bennington, Jacquelyn R. Wayne, Denver, Colorado, for Plaintiff–Appellant.

Hustead Law Firm, P.C., Patrick Q. Hustead, Jennifer L. Gifford, Melissa W. Shisler, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge RUSSEL.

Plaintiff, Helen Andrews, appeals the part of the judgment that was entered on a directed verdict in favor of defendants, Davide Picard, Constructive Alternatives, Inc., and Laurie Skrederstu. She also appeals the order denying her motion for new trial under C.R.C.P. 59(a). We reverse and remand with directions.

## I. Background

Plaintiff hired defendants to build a home. The project did not go well, and plaintiff later sued defendants to recover for alleged defects. Plaintiff asserted several substantive claims, including breach of contract and negligence. She also asserted an "alter ego" claim to hold defendant Skrederstu personally liable for any damages awarded against defendant Constructive Alternatives.

The case was tried in February 2005. Before submitting the case to the jury, the trial court granted defendants' motion for a directed verdict on plaintiff's negligence claim. The court ruled that this claim was barred by the economic loss rule.

The jury returned a verdict in favor of plaintiff and against Constructive Alternatives for breach of contract. It awarded plaintiff $40,000 in damages on that claim. The jury returned verdicts in favor of defendants on the remaining substantive claims. The jury was not asked to decide plaintiff's alter ego claim.

On February 23, 2005, the trial court issued a signed and dated "Civil Trial Minute Order." This order stated, in pertinent part:

> After deliberating, the jury returned a unanimous verdict in favor of Plaintiff on her breach of contract claim. The jury awarded Plaintiff $40,000 in damages for that claim. The jury returned a unanimous verdict in favor of Defendants on Plaintiff's claims for violation of the Colorado Consumer Protection Act, bad faith conduct under the Colorado Consumer Protection Act, false representation (fraud), and breach of trust.
>
> Therefore, judgment is entered for the Plaintiff in part and Defendant in part.

On August 15, 2005, the court issued an "Order of Final Judgment." This order, also signed and dated, stated as follows:

> IT IS ORDERED that judgment in the amount of $51,559.15, including pre-judgment interest of $11,559.15, attorneys' fees in the amount of $113,680.50 and costs in the amount of $23,401.10 is hereby entered

in favor of Plaintiff Helen Andrews and against Defendant Constructive Alternatives.

IT IS FURTHER ORDERED, that post-judgment interest at the rate of $41.35 per diem is assessed against Defendant Constructive Alternatives, Inc.

On August 18, 2005, plaintiff filed a motion for post-trial relief under C.R.C.P. 59(a). She asserted that the trial court had erred in granting a directed verdict on her negligence claim, and she requested a new trial against all defendants on that claim.

On November 7, 2005, the trial court issued a written order denying plaintiff's motion for new trial. The court ruled that plaintiff's motion was untimely. It also reaffirmed that plaintiff's negligence claim was barred by the economic loss rule.

Plaintiff filed this appeal on December 1, 2005.

## II. Jurisdiction

■ Defendants contend that this appeal must be dismissed because plaintiff did not file a timely notice of appeal from the trial court's order of February 23. We reject this contention because that order was not a final, appealable judgment.

■ An appeal from judgment in a civil case must be filed "within forty-five days of the date of the entry of the judgment." C.A.R. 4(a). A judgment is final and appealable if it disposes of the entire litigation on its merits, leaving nothing for the court to do but execute on the judgment. *Kempter v. Hurd*, 713 P.2d 1274, 1277 (Colo.1986). The failure to file a timely appeal creates a jurisdictional defect. *Clasby v. Klapper*, 636 P.2d 682, 684 (Colo.1981).

Here, the court's order of February 23 was not final because it did not dispose of the entire litigation. Although the order stated that "judgment is entered for the Plaintiff in part and Defendant in part," it did not fix the extent of each defendant's liability (presumably because the court had yet to determine whether defendant Skrederstu would be personally liable under plaintiff's alter ego theory).

■ In contrast, the August 15 "Order of Final Judgment" was final and appealable because it determined the extent of plaintiff's recovery and the extent of each defendant's liability on the underlying claims. The order included an award of prejudgment interest, which is an element of damages. *See Grand County Custom Homebuilding, LLC v. Bell*, 148 P.3d 398, 400–01 (Colo.App.2006). It thus disposed of the entire litigation on plaintiff's claims and left nothing to do but execute on the judgment. *See Kempter v. Hurd, supra.*

■ Because final judgment was entered on August 15, we conclude that plaintiff's appeal was timely filed. Our calculation proceeds as follows:

1. On August 18, three days after entry of final judgment, plaintiff filed a timely motion for new trial under C.R.C.P. 59(a). This motion "terminated" the forty-five-day deadline under C.A.R. 4(a).

2. On October 17, plaintiff's motion for new trial was denied by operation of law under C.R.C.P. 59(j). The denial of plaintiff's motion triggered a new forty-five-day period for the filing of plaintiff's notice of appeal. C.A.R. 4(a).

3. On November 7, the trial court issued a written order denying plaintiff's motion. This order was without legal effect. *See De Avila v. Estate of De-Herrera*, 75 P.3d 1144, 1146 (Colo.App. 2003) ("Actions taken under C.R.C.P. 59 after the sixty-day period are outside the court's jurisdiction and are void.").

4. Plaintiff filed her notice of appeal on December 1, forty-five days after her motion for new trial was denied by operation of law.

We therefore will not dismiss plaintiff's appeal.

## III. Negligence Claim

Plaintiff contends that the trial court erred when it (1) granted a directed verdict on her negligence claim and (2) refused to order a new trial on that claim. She argues that the

court's errors resulted from a misapprehension of the economic loss rule. We agree.

We review de novo a court's ruling on a motion for directed verdict, viewing the evidence in the light most favorable to the nonmoving party. *Brossia v. Rick Constr., L.T.D. Liab. Co.,* 81 P.3d 1126, 1131 (Colo. App.2003).

We review a court's ruling on a motion for new trial only for an abuse of discretion. *Blue Cross v. Bukulmez,* 736 P.2d 834, 841 (Colo.1987). If the trial court's ruling is based on an erroneous legal standard, it may be reversed as an abuse of discretion. *Wallbank v. Rothenberg,* 74 P.3d 413, 415 (Colo. App.2003).

 The Colorado Supreme Court has defined the economic loss rule as follows: "[A] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *A.C. Excavating v. Yacht Club II Homeowners Ass'n,* 114 P.3d 862, 865 (Colo.2005). By definition, the economic loss rule does not apply where the defendant owes the plaintiff a duty of care that is independent of any contractual duty. *Town of Alma v. AZCO Constr., Inc.,* 10 P.3d 1256, 1263 (Colo.2000).

 A homebuilder has an independent duty to act without negligence in the construction of a home. *A.C. Excavating v. Yacht Club II Homeowners Ass'n, supra,* 114 P.3d at 867; *Cosmopolitan Homes, Inc. v. Weller,* 663 P.2d 1041, 1042 (Colo.1983). Therefore, the economic loss rule does not preclude a homeowner from suing a general contractor or subcontractor for the negligent construction of a home. *A.C. Excavating v. Yacht Club II Homeowners Ass'n, supra; Stiff v. BilDen Homes, Inc.,* 88 P.3d 639, 641 (Colo.App.2003).

Here, plaintiff sued defendants—homebuilders all—for the negligent construction of her home. Because this negligence claim rests on a duty of care that is independent of any contractual duty that defendants may have owed, plaintiff should have been allowed to pursue simultaneously her claims for negligence and breach of contract. *Cf. Boehme*

*v. United States Postal Serv.,* 343 F.3d 1260, 1266 (10th Cir.2003) (where the economic loss rule does not apply under Colorado law, "a landlord may simultaneously pursue both his statutory and his contract remedies to recover the same economic losses, and this is true regardless of whether the statutory remedy is characterized as a tort or a contract action").

We therefore conclude that the trial court (1) erred in granting a directed verdict in defendants' favor on plaintiff's negligence claim and (2) abused its discretion in denying plaintiff's motion for new trial on that claim.

### IV. Remedy

 A motion for new trial may be granted on "all or part of the issues." C.R.C.P. 59(a)(1). A partial retrial is permissible if the issue to be retried is distinct and separable. *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913, 934 (Colo.1997).

Here, the parties agree that plaintiff is not entitled to retry her claim for breach of contract. But they disagree about the scope of the retrial on plaintiff's claim for negligence: defendants contend that a retrial must be limited to the issue of liability; plaintiff contends that retrial must address both liability and damages. We agree with plaintiff.

A jury has determined that plaintiff is entitled to $40,000 on her claim for breach of contract. Although this determination remains in effect, it does not control the amount of damages that may be awarded on plaintiff's claim for negligence. For several reasons, the negligence claim may yield a different award:

- Plaintiff may present different or additional evidence of economic damages on retrial. *Cf. Heno v. Sprint/United Mgmt. Co.,* 208 F.3d 847, 859 (10th Cir. 2000) (declining to review the issue of punitive damages when remanding the compensatory portion of the case because plaintiff may present additional or different evidence at retrial).
- Depending on the evidence presented, plaintiff's negligence claim may redress a broader measure of economic loss than was included in her claim for breach of

contract. *See Vanderbeek v. Vernon Corp.*, 50 P.3d 866, 870–71 (Colo.2002) (contract analysis employs a more restrictive type of foreseeability than is used in tort analysis); *Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 459 (Colo.App.2003).

● As framed in the amended complaint and trial management order, plaintiff's negligence claim would permit additional recovery for "annoyance, inconvenience, and frustration," as well as exemplary damages. These damages were not included in the jury's award for breach of contract. *See Trimble v. City & County of Denver*, 697 P.2d 716, 731 (Colo.1985) (one may recover damages for mental suffering on a claim for breach of contract only where the breach was willful and wanton); *Hensley v. Tri–QSI Denver Corp.*, 98 P.3d 965, 967 (Colo.App.2004) (punitive damages are awardable only for viable tort claims and are not available for an ordinary breach of contract).

We recognize, of course, that a "plaintiff may not receive a double recovery for the same injuries or losses arising from the same conduct." *Quist v. Specialties Supply Co.*, 12 P.3d 863, 866 (Colo.App.2000). Thus, plaintiff's recovery for negligence is subject to the following limitations: (1) against defendant Constructive Alternatives, plaintiff may be awarded damages for economic loss only to the extent that such damages exceed the $40,000 previously awarded for breach of contract; and (2) as against the remaining defendants, any award for economic loss must be offset by the amount that plaintiff actually recovered from Constructive Alternatives on her claim for breach of contract.

The judgment as to the negligence claim and the order are reversed, and the case is remanded for a new trial consistent with this opinion.

Judge ROY and JUDGE BERNARD concur.