John R. CULLEN, Plaintiff–Appellant,

v.

James PHILLIPS, Robert L. Bailey, William Young, and the City of Pueblo, Colorado, Defendants–Appellees.

No. 00CA0520.

Colorado Court of Appeals,
Div. V.

April 12, 2001.

Rehearing Denied July 19, 2001.

Charles D. Esquibel, Pueblo, CO, for Plaintiff–Appellant.

Franklin P. Lauer, Pueblo, CO, for Defendants–Appellees James Phillips and Robert L. Bailey.

Vaughan & DeMuro, Gordon L. Vaughan, Shelby A. Felton, Colorado Springs, CO, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

In this action seeking damages for alleged civil rights violations, plaintiff, John R. Cullen, appeals the summary judgment entered in favor of defendants, James Phillips, Robert L. Bailey, William Young, and the City of Pueblo, Colorado (the City). We affirm the judgment insofar as it dismissed the claims against Young and the City, but remand as to the claims against Phillips and Bailey for further proceedings on their defenses of laches and delay in service of process.

Plaintiff asserted a claim pursuant to 42 U.S.C. § 1983 (1995) alleging that Pueblo police officers Phillips and Bailey, and a third officer, assaulted and beat him.

Plaintiff asserted a second § 1983 claim alleging that Young (Pueblo's Chief of Police at the time of the alleged incident) and the City failed properly to supervise or instruct the officers and approved or ratified their conduct.

Defendants filed a motion to dismiss or, in the alternative, for summary judgment, including numerous attachments and affidavits. Defendants sought dismissal on several grounds including qualified immunity, laches, and failure to state a claim. Plaintiff filed a response with an attached affidavit that included his version of the events leading to his alleged injuries.

The trial court later entered a twenty-four page order, with extensive findings of fact, drafted by defendants' counsel, dismissing all of plaintiff's claims against defendants based upon laches, qualified immunity, delay in service of process, and other grounds. Plaintiff now appeals from that order.

Although in Parts IV and V we remand for further proceedings with respect to laches and the delays in serving defendants Phillips and Bailey, we will assume for purposes of judicial economy, in Parts I, II, and III, that personal service on all defendants was timely.

### I. Claims Against the City

Plaintiff contends that the trial court erred in granting summary judgment as to his claims against the City. We disagree.

Under § 1983, a municipality is not liable for the acts of its employees by application of the doctrine of respondeat superior. Rather, a municipality is liable when its employee or agent, in implementing or executing a municipal policy, deprives a person of his or her constitutional rights. *Casados v. City & County of Denver,* 924 P.2d 1192 (Colo.App.1996) (citing *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Such a policy may be evidenced either by an express ordinance or other enactment adopted by the municipality's policymakers or by a widespread practice so permanent and well settled as to constitute a "custom or usage" having the force of law. *Casados v. City & County of Denver, supra.*

Where a municipality completely fails to train its police force or trains its officers in

a reckless or grossly negligent manner such that police misconduct is almost inevitable, liability may attach under § 1983. *See Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988); see also *Boren v. City of Colorado Springs*, 624 F.Supp. 474 (D.Colo.1985) (mere failure by a municipality to supervise its employees does not set forth a cause of action under § 1983 unless such failure is so severe as to reach a level of gross negligence or deliberate indifference to the plaintiff's constitutional rights).

Here, in its summary judgment materials, the City presented evidence of its policies regarding training and discipline of its police officers. These policies included one regarding physical arrests, requiring officers "to abide by applicable laws and the Constitutional requirements regarding arrests and detention and to ensure that the arrestees will be treated with as much dignity as is reasonably possible." The policies also included a "use of force" policy providing that "[o]nly that force which is reasonable and necessary to accomplish a legitimate police function, and effect lawful objectives, shall be applied."

In his response, plaintiff presented no evidence to support the bare allegations in his complaint that the City knowingly, recklessly, or with gross negligence failed to train or instruct its officers to prevent improper treatment of citizens or that the City had any knowledge of the alleged conduct of the officers in question and approved and/or ratified such alleged conduct. Plaintiff's affidavit referenced several incidents (other than his alleged beating) in which Phillips or other officers allegedly harassed plaintiff or his father. However, plaintiff presented no evidence that the City knew or should have known of these other alleged incidents or that any of the alleged incidents were related to improper training by the City.

Plaintiff thus failed to present evidence of a City policy that was the moving force behind the alleged deprivation of his civil rights. *See Zawacki v. City of Colorado Springs*, 759 F.Supp. 655 (D.Colo.1991). Consequently, we conclude that the trial court correctly entered summary judgment on plaintiff's claims against the City.

## II. Claims Against Young

■ Plaintiff also contends that the trial court erred in dismissing his claims against defendant Young, the Chief of Police. Again, we disagree.

■ As with municipalities, supervisors are not subject to vicarious liability under § 1983, but generally are liable only for their own conduct. *See Monell v. Department of Social Services, supra.*

■ In order to be held liable for acts of a subordinate, the supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Zawacki v. City of Colorado Springs, supra; see Kite v. Kelley*, 546 F.2d 334 (10th Cir.1976).

■ A supervisor or police chief may be held liable for failure to train subordinates only where that failure amounts to deliberate indifference to the rights of persons with whom subordinate police officers come into contact. *See Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Meade v. Grubbs, supra.*

Here, defendants' summary judgment motion included an affidavit executed by Young in which he stated that: (1) he did not authorize, approve, or knowingly acquiesce in any of the alleged unconstitutional conduct of Phillips or Bailey; (2) he was never placed on notice of any pattern of excessive force by those officers; and (3) during his tenure as police chief, the department maintained a policy requiring the training of officers in the proper procedure for effecting arrests, as well as a policy regarding discipline for officer misconduct.

Plaintiff presented no evidence to contradict the statements in Young's affidavit and failed to provide any evidence showing that Young implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of officers Phillips and Bailey. Plaintiff also failed to show that Phillips and Bailey were not properly trained or that their training was so reckless or grossly negligent that future misconduct was almost inevitable. *See Meade v. Grubbs, supra.*

Under these circumstances, we conclude that the trial court properly granted summary judgment in favor of Young.

### III. Claims Against Phillips and Bailey and the Defense of Qualified Immunity

Plaintiff next contends that the trial court erred in granting summary judgment on his claims against Phillips and Bailey and that the court made improper factual findings and inferences favorable to Phillips and Bailey concerning their defense of qualified immunity. We agree.

■ Initially, we note that an appellate court's review of a summary judgment decision involving the qualified immunity defense is analytically different from that of other summary judgment rulings. Once a defendant raises a qualified immunity defense, the plaintiff assumes the burden of showing that the defendant violated a clearly established constitutional or statutory right of which a reasonable person would have known. *See Martinez v. Harper*, 802 P.2d 1185 (Colo. App.1990).

Here, Phillips and Bailey do not dispute that if plaintiff's version of events regarding the arrest were true, their actions would violate a clearly established constitutional or statutory right. *See Bauer v. Norris*, 713 F.2d 408 (8th Cir.1983) (law enforcement official's liability under § 1983 for a violation of an individual's constitutional rights through the use of excessive force in completing an arrest is clearly established); see also *Smith v. Mattox*, 127 F.3d 1416 (11th Cir.1997) (summary judgment improper where plaintiff asserted he was offering no resistance at all when arresting officer used such force as to break plaintiff's arm). Instead, they merely assert a different version of what transpired and argue that, under their version, their actions were reasonable.

■ However, when raising a qualified immunity defense on summary judgment, a defendant must concede the plaintiff's version of the facts for purposes of the summary judgment motion. *See Berryman v. Rieger*, 150 F.3d 561 (6th Cir.1998) (defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case); *see also Zuchel v. Spinharney*, 890 F.2d 273 (10th Cir.1989) (denying summary judgment because record contained evidence that, if believed by fact finder, could support a finding that defendant's conduct was not objectively reasonable, and noting that although defendant's version of events was supported by majority of summary judgment evidence, court was not entitled to weigh evidence or pass on the credibility of witnesses at summary judgment stage); *Moffat County State Bank v. Told*, 800 P.2d 1320 (Colo.1990) (court must examine the facts in the light most favorable to the nonmoving party and resolve any doubts in its favor).

Here, Phillips and Bailey submitted affidavits describing the incident in which plaintiff was allegedly injured. These affidavits stated that: (1) plaintiff was the instigator; (2) reasonable force was used; (3) the actions were not motivated by malice; (4) Bailey never placed a knee or foot into plaintiff's back; (5) the force was used only after plaintiff was informed he was under arrest; and (6) plaintiff never stated that he was injured.

In sharp contrast, plaintiff's affidavit indicated that, before informing plaintiff that he was under arrest, Bailey initiated the incident by shoving plaintiff and that Phillips then shoved his nightstick at plaintiff. Plaintiff further averred that after he stopped resisting, the officers placed him in handcuffs and put him face down in the street. Plaintiff stated that Bailey then put his knee in plaintiff's back and started bouncing up and down and that Phillips rubbed plaintiff's face in the asphalt. Plaintiff further asserted that, as a result of the incident, he suffered nerve damage to his neck and a herniated disk and was hospitalized for two weeks.

Despite these conflicting accounts of the incident, the trial court made findings of fact accepting the version of events set forth in defendants' summary judgment motion and affidavits. For example, despite plaintiff's assertion that the officers bounced up and down on his back and rubbed his face in the asphalt after he had been handcuffed, the trial court found that the force used was "reasonable and appropriate." Furthermore,

despite the conflicting statements about how the incident began, the trial court found that the force used was reasonable based upon plaintiff's initiating a physical assault upon the officers.

■ Because the parties presented conflicting accounts of the officers' conduct, we conclude that the trial court erred by making factual findings and inferences favorable to defendants, and that genuine issues of material fact remain concerning whether Phillips and Bailey used reasonable force in the altercation with plaintiff. *See Street v. Parham,* 929 F.2d 537 (10th Cir.1991) (in excessive force cases, the fact finder determines if the force used was excessive under the circumstances); see also 1 M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 3.14 (2d ed.1998) (reasonableness of force is normally an issue for the jury).

Accordingly, summary judgment as to Phillips and Bailey was improper. *See Moffat County State Bank v. Told, supra* (conflicting evidence in the record presented genuine issues of material fact and rendered summary judgment inappropriate).

## IV. Laches Defense

■ We also agree with plaintiff that the trial court erred in granting summary judgment in favor of Phillips and Bailey based upon the equitable doctrine of laches.

■ Laches involves an unconscionable delay in asserting the plaintiff's rights that works to the defendant's prejudice or injury in relation to the subject matter of the litigation. *See City of Thornton v. Bijou Irrigation Co.,* 926 P.2d 1 (Colo.1996). The elements of laches are: (1) full knowledge of the facts; (2) unreasonable delay in the assertion of an available remedy; and (3) intervening reliance by and prejudice to another. *Manor Vail Condominium Ass'n v. Town of Vail,* 199 Colo. 62, 604 P.2d 1168 (1980). The prejudice may include a detrimental change of position by the defendant, loss of evidence, death of witnesses, or other circumstances arising during the period of delay that affect the defendant's ability to defend. *Board of*

*County Commissioners v. Blanning,* 29 Colo. App. 61, 479 P.2d 404 (1970).

■ A party asserting laches as grounds for summary judgment must establish that there is no genuine issue of material fact, that the other party unreasonably delayed the proceedings, and that such delay caused substantial prejudice. *See Bowe v. SMC Electrical Products, Inc.,* 935 F.Supp. 1126 (D.Colo.1996).

Here, defendants did not dispute that plaintiff filed the complaint within the applicable two-year limitations period. The unreasonable period of delay asserted by defendants, and relied on by the trial court, was plaintiff's failure to serve any of the defendants for some 21 months after the complaint was filed. The trial court determined that this delay resulted in severe prejudice to defendants, including diminished recollection of witnesses and loss of evidence.

We conclude that disputed issues of material fact preclude summary judgment on this issue.

Some evidence submitted by defendants tended to establish prejudice to them. For example, they submitted an affidavit from an officer who stated that he was "dispatched to transport [plaintiff]" to jail on the date of the incident but did "not recall any statements made by [plaintiff] regarding what happened or whether he had been injured."

However, other affidavits submitted by defendants contradicted their assertion regarding diminished recollection of witnesses. The affidavits of Phillips, Bailey, and the other officer who witnessed the incident tended to show that these officers had clear recollections of the altercation with plaintiff. Also, the detailed reports of the incident prepared by those officers and submitted in support of the summary judgment motion do not suggest diminished recollections by the principals in the altercation.

Phillips and Bailey also claim prejudice based upon the alleged destruction of a "use of force report" prepared after the incident, which allegedly concluded that the force used was reasonable. However, defendants failed to indicate the substance of this report or what factual materials, if any, it contained

that were not also contained in other available sources. More importantly, defendants failed to state when the alleged destruction of the report occurred, information necessary to determine whether any prejudice was actually caused by plaintiff's delay.

In sum, we conclude that genuine issues of material fact remain concerning whether laches barred plaintiff's claims against Phillips and Bailey. We note in this regard that laches is not dependent upon the statute of limitations. Mere lapse of time and staleness are material issues, but not conclusive of a laches claim. *Hagerman v. Bates*, 24 Colo. 71, 49 P. 139 (1897) *cf. Interbank Investments, L.L.C. v. Vail Valley Consolidated Water District*, 12 P.3d 1224 (Colo. App.2000) (in the absence of extraordinary circumstances, court applies statute of limitations applicable to plaintiff's contract claims to laches analysis applicable to unjust enrichment claims). Therefore, on remand, the court may consider that the complaint was filed within, but at the end of, the applicable statute of limitations period.

Consequently, summary judgment was improper on this issue, and further proceedings are required in the trial court. *See Moffat County State Bank v. Told, supra.*

V. Delay in Service/Failure to Prosecute

Finally, because we conclude that dismissal of the claims against Phillips and Bailey based upon an unreasonable delay in service of process or failure to prosecute is inextricably intertwined with the laches issue, this matter too must be remanded for further proceedings.

Under C.R.C.P. 3(a) the time period after the filing of a complaint within which process must be effected is unspecified. While a case may pend indefinitely on the filing of the complaint alone, if its status is challenged by the administrative action of the court or by motion to dismiss, then a showing must be made to justify the delay in effecting service of process. *Nelson v. Blacker*, 701 P.2d 135 (Colo.App.1985).

Pursuant to C.R.C.P. 41(b)(2), the trial court has discretion to dismiss an action for failure to prosecute with due diligence after reasonable notice. *Schleining v. Estate of Sunday*, 163 Colo. 424, 431 P.2d 464

(1967). Although unilateral resumption of prosecution should not necessarily insulate a plaintiff from dismissal for lack of prosecution, it is an important factor in the trial court's consideration. *See Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340 (Colo.1985). Other factors include the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, the difficulties in trying the case as a result of the delay, and the nature and extent of the plaintiff's renewed efforts. *See Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., supra.* Dismissal with prejudice is a drastic sanction to be applied only in extreme situations. *Nelson v. Blacker, supra.*

Here, plaintiff filed his complaint on March 15, 1996. On September 22, 1997, the trial court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute. On November 5, 1997, plaintiff, with new counsel, responded with a motion to maintain the case on the active docket, stating that "it is anticipated that the new counsel for the Plaintiff will cause service of process to be made upon the Defendants" and that after such service the case "can proceed expeditiously towards resolution." On November 12, the trial court permitted the entry of new counsel and ordered the case to be maintained on the court's active docket. Plaintiff, with new counsel, then served Phillips on December 4, 1997, and Bailey on January 9, 1998.

When the trial court allowed the case to continue on the docket, it did so before defendants had been served, and thus, without their reply to plaintiff's response to the order to show cause. Nevertheless, the trial court presumably allowed plaintiff a reasonable time period for effecting personal service on the defendants.

Here, although plaintiff served Phillips and Bailey within two months after the trial court ordered the case maintained on its active docket, such service did not occur until more than 21 months after the complaint was filed. As with laches, one factor the court must consider on a motion to dismiss for failure to prosecute is prejudice to defendants by allowing the matter to continue. Because we have determined in considering laches that there are material facts in dispute on the

issue of prejudice, the issue of delayed service and failure to prosecute must similarly be remanded for further proceedings. We recognize that, at the hearing regarding defendants' motion to dismiss, plaintiff's first attorney testified that plaintiff's counsel in his felony case requested that plaintiff not file a civil suit until after a plea agreement had been made in the criminal case. However, on remand this testimony must be considered along with new testimony on the issue of prejudice to Phillips and Bailey resulting from the delays in effecting service of process.

The portion of the judgment dismissing plaintiff's claims against the City and Young is affirmed. The portion of the judgment dismissing plaintiff's claims against Phillips and Bailey is remanded for further proceedings on the issues of laches, delay service of process, and failure to prosecute, in accordance with this opinion. If the court determines the issues of laches and timely service of process in favor of plaintiff, the claims against Phillips and Bailey are reinstated. If the court finds in favor of Phillips and Bailey on these issues, the claims against them will stand dismissed, subject to appeal of that ruling.

ROTHENBERG and ROY, JJ., concur.