Crystal OVERSOLE, Plaintiff–Appellant,

v.

Michael MANCI, Defendant–Appellee.

No. 09CA0147.

Colorado Court of Appeals,
Div. VII.

Aug. 6, 2009.

Franklin D. Azar & Associates, P.C., Robert E. Markel, Aurora, Colorado, for Plaintiff–Appellant

No Appearance for Defendant–Appellee

Opinion by Chief Judge DAVIDSON.

Plaintiff, Crystal Oversole, appeals from the order dismissing with prejudice her personal injury claims against defendant, Michael Manci, for failure to prosecute. We reverse and remand.

## I. Background

Plaintiff was involved in a motor vehicle accident in August 2004 and filed suit in June 2007 against Manci and two codefendants who are not parties to this appeal. The codefendants were duly served and filed answers in August 2007. In August 2008, because Manci had not yet been served, the trial court issued a notice directing plaintiff to show cause why her claims against him should not be dismissed for failure to prosecute.

In a timely response, plaintiff explained that Manci was in the United States Marine Corps, stationed overseas at an unknown location, and that even if served, he would likely obtain a stay under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 522 (2008) (SCRA) (enacted in 2003 as a recodification and modernization of the Soldiers' and Sailors' Civil Relief Act of 1940). The trial court then ordered plaintiff to supply specific proof of attempted service as well as an explanation why suit was not filed until shortly before the statute of limitations expired. Plaintiff complied, including in her response an affidavit setting forth detailed attempts to locate and serve Manci.

Approximately a month later, the trial court issued an order dismissing plaintiff's claims against Manci with prejudice for fail-

ure to prosecute, finding that plaintiff had "without mitigating circumstances, failed to serve process on Manci and to make diligent progress in the case." Plaintiff appeals, contending primarily that because she had a reasonable excuse for the delay in serving Manci, specifically, the particular circumstances of Manci's military service, the court's ruling dismissing her action against Manci with prejudice constituted an abuse of discretion. We agree.

## II. Standard of Review

The dismissal of an action for failure to prosecute lies within the sound discretion of the trial court. *Cullen v. Phillips,* 30 P.3d 828, 834 (Colo.App.2001). That discretion, however, is not without bounds: when evaluating a motion to dismiss for failure to prosecute, "a trial court must bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties." *Cornelius v. River Ridge Ranch Landowners Ass'n,* 202 P.3d 564, 570 (Colo. 2009) (quoting *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.,* 698 P.2d 1340, 1344 (Colo.1985)). "Dismissal with prejudice is a drastic sanction to be applied only in extreme situations." *Nelson v. Blacker,* 701 P.2d 135, 137 (Colo.App.1985).

In balancing the policies favoring resolution of disputes on the merits and preventing unreasonable delay, several nonexclusive factors are considered: the length of the delay, the reason for the delay, any prejudice that may result to the defendant, and the extent to which the plaintiff has renewed efforts to prosecute the case. *Lake Meredith Reservoir Co.,* 698 P.2d at 1345. Prejudice is presumed in the case of an unusual delay, *see BA Leasing Corp. v. Bd. of Assessment Appeals,* 653 P.2d 80, 82 (Colo.App.1982), and in the absence of a reasonable excuse for the delay, or a mitigating circumstance, a trial court may exercise its discretion and dismiss the action. *Lake Meredith Reservoir Co.,* 698 P.2d at 1344.

## III. Merits

The SCRA does not exempt military service members from service of process. *See Kurilla v. Roth,* 132 N.J.L. 213, 38 A.2d 862, 864 (1944). However, a defendant's service in the military may provide a reasonable excuse for a plaintiff's failure to obtain service. *See, e.g., Ludwig v. Anspaugh,* 785 S.W.2d 269, 271 (Mo.1990) (defendant's military service provided "the requisite excusing cause for plaintiffs' inability to secure and complete service"). Here, we agree with plaintiff that the delay resulting from her failure to obtain service on Manci was excusable and, in balancing the relevant factors, that the trial court's dismissal with prejudice for lack of mitigating circumstances constituted an abuse of its discretion.

### A. Length of Delay

In determining whether a case should be dismissed for failure to prosecute, the length of delay is measured primarily from the date the action was filed. *See* C.R.C.P. 121 § 1–10 Committee Comment ("The purpose [of the practice standard] is to encourage prosecution of *pending cases* . . . ." (emphasis added)); *People in Interest of R.F.A.,* 744 P.2d 1202, 1203–04 (Colo.App. 1987) ("C.R.C.P. 121 §§ 1–10 and 1–15 set forth the procedures by which cause must be shown *to retain a case on the trial court's docket* . . . ." (emphasis added)); *see also* C.R.C.P. 41(b)(2) (actions "not *prosecuted* or *brought to trial* with due diligence" may be dismissed (emphasis added)).

Although in its order the trial court expressed concern that significant time had elapsed from the date of the accident to the filing of the complaint, the complaint was filed within the applicable three-year statute of limitations. § 13–80–101(1)(n)(I), C.R.S. 2008; *see Dillingham v. Greeley Publ'g Co.,* 701 P.2d 27, 32 (Colo.1985) (complaint filed one day before the statute of limitations expired is timely and Colorado law permits a reasonable time thereafter in which to serve a defendant). Thus, that plaintiff waited a year following the accident to contact an attorney, was irrelevant to whether she failed to prosecute the action once it had been filed. *See, e.g., Huffmaster v. United States,* 186 F.Supp. 120, 122 (N.D.Cal.1960) (applying Fed.R.Civ.P. 41(b); while delay in filing a complaint "may have some slight bearing upon the question of 'due diligence' in prose-

cution of the suit," the principal question is whether there was an excuse for the delay in service).

Nor was it ipso facto unreasonable to wait three months before attempting to obtain service, as plaintiff did here. *See Nelson,* 701 P.2d at 137 (Colorado law does not require service of process within a set time following the filing of a complaint). Similarly, the fifteen months that had elapsed without service of process from the date the complaint was filed to the date of the dismissal order, while a lengthy period, was not necessarily unreasonable. *See, e.g., Isaacks v. Jeffers,* 144 F.2d 26, 27–28 (10th Cir.1944) (two-year period between filing and service not lack of good faith prosecution); *In re REA Holding Corp.,* 8 B.R. 75, 79 (Bankr. S.D.N.Y.1980) (two and a half-year delay allowed); *Preston v. Mendlinger,* 83 F.R.D. 198, 199–200 (S.D.N.Y.1979) (two-year delay in service permissible); *Huffmaster,* 186 F.Supp. at 122 (two-year delay excusable); *cf. Martinez v. Garcia,* 59 F.Supp.2d 1097, 1100 (D.Colo.1999) (when evidence showed that plaintiff knew of defendant's whereabouts, five-year delay held unreasonable) (applying Colorado law).

## B. Reason for the Delay

In its order, the trial court concluded that plaintiff had simply chosen "to wait until Mr. Manci is out of the service" to proceed and that plaintiff had "determined Mr. Manci is in the service and accepted that fact as justification for not attempting service." However, the record does not support a determination that plaintiff had failed to act reasonably and in good faith.

Specifically, the evidence in the record is that plaintiff had received conflicting information as to Manci's whereabouts, reflecting both that he was and was not serving in the military outside of Colorado. She had searched several databases, including Colorado Motor Vehicle records; had attempted service at Manci's last known address; had left multiple, unreturned telephone messages for Manci's parents; and had more than five separate communications with the Marine locator office in Quantico, Virginia, and Manci's base headquarters, Camp Lejeune, North Carolina, over a fourteen-month period, before and after the trial court issued its initial notice. In her numerous contacts with the United States Marine Corps, plaintiff had been informed that:

- Manci was stationed overseas;
- the location would not be revealed;
- service cannot be accomplished overseas;
- service will have to wait until Manci returns to the United States; and
- a return date would not be provided.

According to the record, plaintiff indicated to the court that she would continue to periodically contact the Marine locator office, and offered to provide a progress report to the court every ninety days.

Also we note, as relevant here, that even if plaintiff had managed to locate Manci on a Marine base within the United States but outside of Colorado, he may have been able to refuse service. *See* 32 C.F.R. § 720.20(a)(2) (2008) ("In those cases where the process is to be served by authority of a jurisdiction other than that where the command is located, the person named is not required to accept process.").

Based on this record, we conclude that plaintiff demonstrated a reasonable excuse for her delay in obtaining service on Manci.

## C. Prejudice to Manci

The record also indicates that any prejudice to Manci from the delay, such as fading memories or losing track of witnesses, is minimal. The claims against Manci (those against the remaining codefendants were set for trial but are now stayed indefinitely pending one of the codefendant's return from his own overseas military service) were based on a simple two-car collision in which Manci is alleged to have rear-ended the vehicle in which plaintiff was a passenger.

Furthermore, even if there were measurable prejudice caused by the delay of service of process on Manci, the record indicates that plaintiff actually could have chosen to wait the entire length of Manci's military service—long after the three-year statute of limitations period—before even filing the complaint. According to plaintiff, the Marine

locator office confirmed on August 9, 2007, the day before the expiration of the applicable three-year statute of limitations, that Manci was in active service. If, as represented by the Marine locator office, Manci was in the military prior to the expiration of the statute of limitations, under the SCRA, the applicable time period for filing the complaint would have been tolled for the duration of his military service. *See* 50 U.S.C. app. § 526(a) (2008) (period of military service not included in computing time "for the bringing of any action or proceeding in a court ... by or against the servicemember"); *Ray v. Porter,* 464 F.2d 452, 455 (6th Cir. 1972) (otherwise applicable statute of limitations "tolled during the period of military service"); *Zitomer v. Holdsworth,* 178 F.Supp. 504, 506–07 (E.D.Pa.1959) (a service member's availability or unavailability for service of process is irrelevant; the applicable limitations period is automatically tolled); *Jones v. Garrett,* 192 Kan. 109, 386 P.2d 194, 200 (1963); *see also Ricard v. Birch,* 529 F.2d 214, 216–17 (4th Cir.1975) (tolling provision of SCRA serves to benefit not only the servicemember, but also the plaintiff asserting a claim against a servicemember); Romualdo P. Eclavea, Annotation, *Tolling Provision of Soldiers' and Sailors' Civil Relief Act* (50 App. U.S.C.A. § 525), 36 A.L.R. Fed. 420 (1978) (collecting cases holding that person suing a servicemember is also entitled to tolling of the statute of limitations).

As the trial court pointed out, once a complaint has been filed and served, the SCRA does not "require delay of resolution of a civil action against a servicemember until the completion of service." *See* 50 U.S.C. app. § 522 (trial court has discretion to grant an additional stay to servicemember subsequent to initial nondiscretionary ninety-day stay). However, the delay, and any resulting prejudice to Manci from plaintiff's inability to serve him, is the same as that which would have resulted if plaintiff had merely waited until Manci's military service was completed to initiate the action, which she was legally entitled to do. *See Cahill v. Northeast Airlines, Inc.,* 42 A.D.2d 564, 344 N.Y.S.2d 372, 373 (1973) (refusing to dismiss for failure to prosecute when a second action would not have been time barred due to defendant's military service); *Henderson v. Miller,* 477 S.W.2d 197, 198 (Tenn.1972) (fact that plaintiff could have served defendant during time of military service irrelevant because duration of military service excluded from period of limitations).

### D. Renewed Efforts

The record shows that plaintiff has renewed her efforts to prosecute the action. After the trial court's notice of dismissal, plaintiff promptly set her negligent entrustment claims against the codefendants for trial. Furthermore, plaintiff continued her attempts to ascertain Manci's whereabouts, stated that she would continue to do so, and volunteered to periodically update the court on her progress. *See Cullen,* 30 P.3d at 834 ("Although unilateral resumption of prosecution should not necessarily insulate a plaintiff from dismissal for lack of prosecution, it is an important factor in the trial court's consideration.").

We glean from its order the trial court's understandable frustration that, because Manci may not have entered military service until mid–2007, had plaintiff acted more quickly after the 2004 accident, some or all of the delay might have been completely avoided. However, as discussed, plaintiff was obligated only to file her complaint within the statute of limitations, which she did, and to then make reasonable efforts to obtain service of process or, as here based on Manci's current military status, have a reasonable excuse for any delay. Furthermore, the record reflects little or no prejudice resulting to Manci and also shows that plaintiff has renewed her efforts to prosecute the action.

Consequently, we conclude that, under the circumstances here, the policy favoring resolution of disputes on the merits outweighs that of preventing unreasonable delay in litigating those disputes. Thus, we further conclude that the trial court's dismissal with prejudice of plaintiff's case against Manci

was too drastic a remedy and not a reasonable choice. *Lake Meredith Reservoir Co.*, 698 P.2d at 1344 (trial court exists "primarily to afford a forum to settle litigable matters between disputing parties"); *see also Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 703 (Colo.2009) (same).

The order is reversed and the case remanded to the trial court with directions to reinstate plaintiff's claims against Manci.

Judge PLANK * and Judge RULAND * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.