Opinion by JUDGE TAUBMAN
¶ 1 Defendant, Robert B. Lanari, appeals the district court's order dismissing his Crim. P. 35(c) motion as barred by the doctrine of laches. Because we conclude, contrary to Lanari's contention, that detrimental reliance, unlike prejudice, is not an element of laches, we affirm.
I. Background
¶ 2 In 1987, a jury convicted Lanari of first degree murder, attempted first degree murder, and four crime of violence sentencing enhancers. Thereafter, the court sentenced Lanari to life with the possibility of parole in the custody of the Department of Corrections (DOC) on the first degree murder count and a consecutive twenty-four-year sentence on the attempted first degree murder count.
¶ 3 On appeal, a division of this court affirmed Lanari's convictions. See People v. Lanari, 811 P.2d 399 (Colo.App.1989). The supreme court then reversed, in part, and remanded the case for the district court to determine whether the proposed defense expert testimony had been properly excluded. See Lanari v. People, 827 P.2d 495 (Colo.1992).
¶ 4 After a hearing on remand, the district court concluded that the testimony had been properly excluded. A division of this court affirmed the order and Lanari's sentence on appeal. See People v. Lanari, 926 P.2d 116 (Colo.App.1996). The mandate issued on January 8, 1997.
¶ 5 On November 2, 2010, Lanari filed a pro se Crim. P. 35(c) motion, alleging that trial and appellate counsel were ineffective for various reasons. The district court appointed counsel to represent Lanari.
¶ 6 The People then moved to dismiss the motion, arguing that it was barred by the doctrine of laches.
¶ 7 After a hearing, the district court agreed and dismissed the Crim. P. 35(c) motion, finding that it was barred by laches because Lanari "unconscionably delayed enforcing his rights, resulting in prejudice to the [p]rosecution." Alternatively, the court found that the motion lacked merit.
II. Laches
¶ 8 Lanari argues in his opening brief that his Crim. P. 35(c) motion was not barred by the doctrine of laches because (1) the prosecutor did not show that "the People changed their position and/or relied to their detriment" on his failure to file the motion within a reasonable time; and (2) his fourteen-year delay in filing the motion was not unconscionable. We disagree with the first contention and do not address the second because of Lanari's concession of this issue at oral argument.
A. Standard of Review
¶ 9 We review de novo a district court's summary denial of a Crim. P. 35(c) motion. See People v. Trujillo, 169 P.3d 235, 237 (Colo.App.2007). "When the motion, the files, and the record clearly establish that the defendant is not entitled to relief, a court may deny a Crim. P. 35(c) motion without a hearing." People v. Osorio, 170 P.3d 796, 799 (Colo.App.2007).
¶ 10 However, we review the district court's findings concerning whether the elements *518 of laches have been established for an abuse of discretion. See People v. Valdez, 178 P.3d 1269, 1276 (Colo.App.2007).
B. Applicable Law
¶ 11 There is no statutory time limit to file a postconviction motion if a defendant has been convicted of a class one felony. See § 16-5-402(1), C.R.S.2013. Nevertheless, the common law doctrine of laches "may work to bar the defendant's claim for relief where section 16-5-402 otherwise would not." Robbins v. People, 107 P.3d 384, 390 (Colo.2005).
¶ 12 "Laches is an equitable doctrine that may be asserted to deny relief to a party whose unconscionable delay in enforcing his rights has prejudiced the party against whom relief is sought." Id . at 388. Delay alone is insufficient; "the record must show [a] lack of diligence in the face of actual knowledge of the conditions giving rise to the claim." Id .
¶ 13 Lanari conceded that he knew about the facts underlying his ineffective assistance of trial counsel claims either before or by the conclusion of his trial in 1987. Additionally, he knew about the facts that formed the basis of his ineffective assistance of appellate counsel claims by the conclusion of his appeal in 1997. Accordingly, we consider only whether the district court abused its discretion in finding that the People were prejudiced.
C. Prejudice
¶ 14 The prejudice required to establish laches may include a detrimental "change of position" by the prosecution, loss of evidence, death of witnesses, or other circumstances arising during the period of delay that affect the prosecution's ability to bring the case to trial. See Cullen v. Phillips, 30 P.3d 828, 833 (Colo.App.2001) ; see also Robbins, 107 P.3d at 388 ("where extensive delay has resulted in the death of witnesses, or where their memories have dimmed, equity should bar relief"). "[T]he party asserting laches as an affirmative defense has the burden of demonstrating prejudice." Robbins, 107 P.3d at 388.
¶ 15 Here, the prosecution established during the hearing that (1) Lanari's lead trial counsel died in October 2007; (2) one of the original responding police officers, an "on-scene supervisor," died in 2005; and (3) a Colorado Bureau of Investigation agent who had been involved in Lanari's case had "significant dementia" that would preclude him from testifying if there were a new trial. Further, when Lanari filed his motion in November 2010, almost twenty-four years had passed since his trial in January 1987, a delay which would result in the faded memories of witnesses.
¶ 16 Under these circumstances, we conclude that the district court did not abuse its discretion in finding that the People were prejudiced.
¶ 17 In reaching this conclusion, we necessarily reject Lanari's argument that the People were also required to show that they detrimentally relied on his failure to file a postconviction motion within a reasonable time. The standard set forth by the supreme court in Robbins does not require "intervening reliance by" the prosecution.[1] Although the division in Valdez stated that the person asserting laches must show "intervening reliance by" that person in addition to prejudice, see 178 P.3d at 1276, we conclude that no such requirement applies here for several reasons.
¶ 18 First, Valdez is distinguishable from this case. The division in Valdez considered whether the doctrine of laches applied where the defendant had failed to timely pursue a postconviction motion that had been timely filed. See id . at 1275. Here, we consider whether laches applies based on the delay in filing the motion itself.
¶ 19 Second, the division in Valdez did not apply the "intervening reliance" language in *519 concluding that laches barred the defendant's postconviction motion. Instead, the division concluded that it was within the district court's discretion to find that the prosecution was prejudiced because "by the time the postconviction motion was heard by the court, fifteen years had elapsed since [the] defendant's trial" and the prosecution "would be seriously disadvantaged" if the court awarded the defendant a new trial "because the memories of the victims, whose whereabouts were presently unknown and who were young children [at the time of trial], would likely have dimmed." Id . at 1276.
¶ 20 Third, the division in Valdez relied on Cullen for the "intervening reliance" language. See Valdez, 178 P.3d at 1276. The division in Cullen, in turn, relied on Manor Vail Condominium Ass'n v. Town of Vail, 199 Colo. 62, 604 P.2d 1168 (1980). See Cullen, 30 P.3d at 833.
¶ 21 It appears that Manor Vail was the first Colorado case to employ the "intervening reliance" language. See Manor Vail, 199 Colo. at 64, 604 P.2d at 1170.[2] Although Lanari does not cite Manor Vail, he relies on Norman v. Boyer, 111 Colo. 531, 535, 143 P.2d 1017, 1018-19 (1943), which stated that laches is available as a defense when it is accompanied by changes in the position of the parties that " 'render it inequitable to permit the enforcement of rights concerning which otherwise there might be no difficulty' " (quoting Du Bois v. Clark, 12 Colo.App. 220, 231, 55 P. 750, 754 (1898) ).
¶ 22 In contrast, other early Colorado cases that addressed the doctrine of laches agreed that the essential element of laches was an unconscionable delay, "usually involving a prejudice to the one against whom the claim is asserted." Loveland Camp No. 83 v. Woodmen Bldg. & Benev. Ass'n, 108 Colo. 297, 305, 116 P.2d 195, 199 (1941) ; see also W. Motor Rebuilders, Inc. v. Carlson, 138 Colo. 404, 418-19, 335 P.2d 272, 280 (1959) ("The essential element of laches is an unconscionable delay in enforcing a right under circumstances usually involving a prejudice to the one against whom the claim is asserted."); accord O'Byrne v. Scofield, 120 Colo. 572, 578, 212 P.2d 867, 871 (1949) ("The basis of laches in equity is unreasonable delay and lack of diligence extending for so long a time or under such circumstances that it would be inequitable to grant relief."); Graff v. Portland Town & Mineral Co., 12 Colo.App. 106, 112, 54 P. 854, 856 (1898) ("The term 'laches,' in its broad legal sense, as interpreted by courts of equity, signifies such unreasonable delay in the assertion of and attempted securing of equitable rights as should constitute in equity and good conscience a bar to recovery.").
¶ 23 Also, like the division in Valdez, the supreme court in Manor Vail did not apply the "intervening reliance" language in its analysis. Rather, in affirming the district court's dismissal based on laches, the supreme court concluded that the defendant was prejudiced by the plaintiff's failure to bring its action challenging the defendant's rate classification earlier because the delay "effectively prevented [the defendant] from protecting its investment" because it "would have no means of revising" the rates it charged "to other customers for that period to protect against the resulting economic injury." Manor Vail, 199 Colo. at 64-65, 604 P.2d at 1170.
¶ 24 Fourth, the circumstances in this case are more similar to those in Robbins than they are to those in Manor Vail . In Robbins, the defendant had also been convicted of first degree murder and did not file a Crim. P. 35(c) motion asserting ineffective assistance of counsel claims until a significant amount of time had passed after his trial. See Robbins, 107 P.3d at 386-87. In contrast, Manor Vail was a civil case that involved a condominium association's classification under a municipal ordinance for purposes of determining the rate it would pay for cable television service. See *520 Manor Vail, 199 Colo. at 64, 604 P.2d at 1170. Notably, the supreme court in Robbins did not rely on Manor Vail . See Robbins, 107 P.3d at 388-89.
¶ 25 Accordingly, we conclude that the People were not required to show that they detrimentally relied on Lanari's failure to file a postconviction motion within a reasonable time. We further conclude that the district court properly found that the People were prejudiced by Lanari's delay in filing his postconviction motion.
D. Unconscionable Delay
¶ 26 We have concluded that the district court did not abuse its discretion in determining that the People were prejudiced. However, we need not address whether the district court abused its discretion in finding that Lanari unconscionably delayed in filing his postconviction motion by waiting fourteen years after the mandate issued in his direct appeal, because Lanari conceded this issue at oral argument.[3]
III. Conclusion
¶ 27 The order is affirmed.
JUDGE NAVARRO and JUDGE ROY* concur.

It would be impractical to follow Lanari's suggestion that, to prove laches, the People should be required to show that they (1) kept track of the health of defense attorneys and witnesses in cases where they had successfully prosecuted class one felonies; (2) kept track of whether the defendants had filed postconviction motions in those cases; and (3) did not interview or depose defense attorneys or witnesses whose health declined because the defendants had not filed a postconviction motions within a reasonable time.

Interestingly, Manor Vail relied on a Tenth Circuit case, Herald Co. v. Seawell, 472 F.2d 1081, 1099 (10th Cir.1972), in stating that laches required "intervening reliance by and prejudice to another." Manor Vail, 199 Colo. at 64, 604 P.2d at 1170. The Herald case, in turn, relied on a Ninth Circuit case for these elements, see 472 F.2d at 1100 n. 30, which did not use the phrase "reliance by" but stated the element as "intervening prejudice to another." See Fed. Home Loan Bank Bd. v. Elliott, 386 F.2d 42, 54 (9th Cir.1967).

We note that the trial court mistakenly addressed the merits of Lanari's motion, because it had earlier agreed with defense counsel's request that it rule first on the issue of laches. Accordingly, we do not review the trial court's alternative disposition on the merits.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2013.