25CA0481 Montgomery v Best Buy 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0481
Jefferson County District Court No. 24CV241
Honorable Chantel Contiguglia, Judge

---

William Montgomery,

Plaintiff-Appellant,

v.

Best Buy Stores L.P., and Iron Spear Protection Group LLC,

Defendants-Appellees.

---

JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Harris and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

William Montgomery, Pro Se

Montgomery Amatuzio, Sarah K. Vogel, Denver, Colorado, for Defendant-Appellee Best Buy Stores L.P.

Business & Technology Legal Group, Brian E. Hefner, Denver, Colorado, for Defendant-Appellee Iron Spear Protection Group LLC

¶ 1    Plaintiff, William Montgomery, appeals the district court's dismissal of his claims against defendants, Best Buy Stores L.P. (Best Buy) and Iron Spear Protection Group LLC (Iron Spear). Montgomery also appeals the order denying his motion to reopen the case. We reverse the judgment and remand the case to the district court to reinstate the complaint.

## I.    Background

¶ 2    On November 21, 2024, Montgomery filed a complaint for false arrest and defamation against both defendants and an additional false imprisonment claim against Iron Spear.[1]

¶ 3    The next day, the district court issued a civil procedure order, stating, among other things, "Returns of [s]ervice on all defendants shall be filed *within [sixty-three] days* after the date of the filing of the complaint," which, based on the filing date, made the returns of service due January 23, 2025.

¶ 4    Approximately one month later — in December 2024 — the court issued a delay reduction order stating that "[p]ursuant to C.R.C.P. 4(m), the [c]ourt may dismiss any unserved [d]efendants if

---

[1] Montgomery also asserted claims against two other individuals who are not parties to this appeal.

[p]laintiff fails to provide a return of service within [sixty-three] days from the filing of the complaint" and that Montgomery "has yet to file returns of service." The order instructed Montgomery to file returns of service within thirty-five days of the order "or otherwise show cause as to why an extension should be granted for an appropriate period." The order also stated, "Failure to comply with this order will result in unserved [d]efendants being dismissed without prejudice and without further notice pursuant to C.R.C.P. 121[,] [section] 1-10(2), C.R.C.P. 41(b)(2), and [Rule] 4(m)."[2]

¶ 5    On Friday, January 24, 2025 — one day after the orders' deadline had passed — the court dismissed the action without prejudice for failure to "file a return of service for any" defendants, generally citing Rule 121, section 1-10 and Rule 4(m) (dismissal order).

¶ 6    On Monday, January 27, the first business day after the dismissal order, Montgomery filed three affidavits of service,

_____

[2] Thirty-five days from the date of the delay reduction order was January 23, 2025. Thus, the delay reduction order and the civil procedure order contained the same deadline.

showing that he had timely served the defendants on January 22 — sixty-two days after he filed the complaint.

¶ 7    That same Monday, Montgomery also filed a motion to "Re-Open Case For Further Proceedings." In it, Montgomery requested the court to accept his affidavits of service and reopen the case because Rule 4(m) requires only that he serve the defendants within sixty-three days — which he did — and does not require returns of service to be filed within that time. Thus, he argued that the court's interpretation of Rule 4(m) was "not an accurate statement of law."

¶ 8    The court denied the motion. While it agreed that Rule 4(m) "requires defendants to be served within [sixty-three] days, not for returns of service to be filed in [sixty-three] days," it concluded that Montgomery "misunderst[ood]" the dismissal and that the court dismissed the case for failure to prosecute under Rule 121, section 1-10 (not for failure to serve defendants under Rule 4(m)).

## II.    Analysis

¶ 9    Montgomery contends that the district court erred by dismissing the action and denying his motion to reopen the case.

## A. Jurisdiction

¶ 10    Before addressing the propriety of the dismissal, we must first determine whether we have jurisdiction over the appeal. *See People v. S.X.G.*, 2012 CO 5, ¶ 9. That requires us to determine whether the dismissal order is final and whether Montgomery timely filed his notice of appeal.

### 1. Finality

¶ 11    With limited exceptions not presented here, this court has jurisdiction over final judgments only. C.A.R. 1(a)(1). While a dismissal without prejudice is generally not a final judgment, it is a final judgment when the relevant statute of limitations period has expired. *Spiremedia Inc. v. Wozniak*, 2020 COA 10, ¶ 14.

¶ 12    For an incident occurring in 2023, Montgomery asserted claims for false arrest, defamation, and false imprisonment. The court dismissed the complaint in 2025. But the statute of limitations for the claims is one year. § 13-80-103(1)(a), C.R.S. 2025. Because the statute of limitations for the claims had expired by the time the court dismissed the action, we conclude that the dismissal order is final and appealable. *See Spiremedia*, ¶ 15.

4

## 2. Timeliness

¶ 13 The timely filing of a notice of appeal is generally a jurisdictional prerequisite for appellate review. *People in Interest of B.H.*, 2022 COA 9, ¶ 8. In civil cases, a notice of appeal must be filed within forty-nine days after "entry of the judgment, decree, or order being appealed." C.A.R. 4(a)(1). But "[t]he running of the time for filing a notice of appeal is terminated as to all parties when any party timely files a motion in the lower court pursuant to C.R.C.P. 59." C.A.R. 4(a)(3). The time to appeal restarts when the Rule 59 motion is resolved. *Id.*; *see also* C.R.C.P. 59(j) (timeline for a district court's determination of post-trial motions).

¶ 14 Iron Spear argues that Montgomery's motion to reopen was not "a proper [Rule] 59 motion."[3] True, the motion to reopen did not reference Rule 59, but in substance the motion essentially requested the court to reconsider the dismissal, thus amending its findings and judgment. *See* C.R.C.P. 59(a)(3)-(4); *Said v. Magdy*, 2024 COA 109, ¶ 10 ("[A] motion for reconsideration can qualify as a Rule 59 motion even if it does not cite Rule 59 . . . ."). We

---

[3] Best Buy simply asserts that the appeal is untimely but doesn't address the postjudgment motion.

5

therefore construe Montgomery's motion to reopen as a Rule 59 motion. *See Spiremedia*, ¶¶ 17-20 (construing motion for reconsideration of dismissal order as a Rule 59 motion).

¶ 15    Because Montgomery's notice of appeal was filed within forty-nine days of the order denying his motion to reopen, the appeal is timely. *See* C.A.R. 4(a)(3). And that's true even though Montgomery served the district court with the notice of appeal after the forty-nine-day deadline. *See* C.A.R. 3(a) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal . . . .").

## B.    Rule 4(m)

¶ 16    Montgomery first contends that the district court abused its discretion by dismissing the action because it misinterpreted Rule 4(m). Specifically, he asserts that the court erred by requiring him to file returns of service within sixty-three days of filing his complaint and by dismissing the case when he failed to do so. Best Buy argues that Montgomery failed to preserve this argument because he raised it for the first time in his motion to reopen.

¶ 17    But we needn't address preservation or whether the dismissal order misinterpreted Rule 4(m). That's because the district court

6

later agreed with Montgomery's interpretation of Rule 4(m) but held that it had dismissed the case for failure to prosecute under Rule 121, section 1-10, not Rule 4(m). Because the case was not dismissed under Rule 4(m), any opinion about the propriety of dismissing a case under that rule for failure to file returns of service would be advisory, "and we must avoid issuing advisory opinions." *Stor-N-Lock Partners #15, LLC v. City of Thornton*, 2018 COA 65, ¶ 38. We therefore limit our consideration to whether the court erred by dismissing the case under Rule 121, section 1-10.

### C. The Order Denying the Motion to Reopen

¶ 18    Montgomery next contends that the district court erred by dismissing his case for failure to prosecute under Rule 121, section 1-10 without engaging in the appropriate balancing test.

### 1. Preservation

¶ 19    To the extent that Best Buy argues that Montgomery did not preserve this argument, we are not persuaded he had an opportunity to do so. After all, the plain focus of the delay reduction order and the dismissal order is on Rule 4(m) and the consequences of failing to comply with it. Beyond a string citation

that included Rule 121, section 1-10, neither the delay reduction order nor the dismissal order analyzes Rule 121, section 1-10.

¶ 20 It was not until the order denying the motion to reopen that the court stated it had dismissed the case under Rule 121, section 1-10 and not Rule 4(m). And that order is the first substantive discussion of Rule 121, section 1-10. Because Montgomery had no opportunity to respond or object to that order, we will review it. *See Rinker v. Colina-Lee*, 2019 COA 45, ¶ 26 (noting that if a court "rules sua sponte on an issue, the merits of its ruling are subject to review on appeal, whether timely objections were made or not"); *see also In re Marriage of Herold*, 2021 COA 16, ¶ 7 (reaching merits despite lack of preservation when party had "no opportunity to object . . . until the court issued its ruling").

### 2. Standard of Review

¶ 21 Although we review a dismissal for failure to prosecute for an abuse of discretion, *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 569 (Colo. 2009), a district court's discretion "is not without bounds," *Oversole v. Manci*, 216 P.3d 621, 623 (Colo. App. 2009). And "when evaluating a motion to dismiss for failure to prosecute, [courts] must bear in mind that [they] 'exist

8

primarily to afford a forum to settle litigable matters between disputing parties.'" *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.*, 698 P.2d 1340, 1344 (Colo. 1985) (citation omitted). A district court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or based on a misapplication of the law. *Credit Serv. Co. v. Skivington*, 2020 COA 60M, ¶ 17.

### 3.    Failure to Prosecute

¶ 22    A plaintiff bears the burden of prosecuting a case "in due course without unusual or unreasonable delay." *Cornelius*, 202 P.3d at 569 (citation omitted); *see* C.R.C.P. 121, § 1-10.  A court may sua sponte "dismiss any action not prosecuted with due diligence, upon 35 days' notice."  C.R.C.P. 121, § 1-10(2).

¶ 23    A court must consider several factors when evaluating a dismissal for failure to prosecute, including the length of the delay, the reasons for the delay, any prejudice that may result to other parties, any difficulties in trying the case that result from the delay, and the nature and extent of any renewed efforts to prosecute the case.  *Lake Meredith*, 698 P.2d at 1345; *see also Oversole*, 216 P.3d at 623 (applying factors to court's sua sponte dismissal for failure to prosecute).

¶ 24     We conclude that once Montgomery alerted the district court to the fact that the defendants had been timely served, the court abused its discretion by largely failing to consider the *Lake Meredith* factors when it denied the motion to reopen and said that it had dismissed the case under Rule 121, section 1-10. *See Lake Meredith*, 698 P.2d at 1345.

¶ 25     To the extent the court considered any of the factors, it stated only that Montgomery's delay in failing to file the returns of service was "unreasonable." But we are hard pressed to understand how the delay in filing the returns of service — a single business day after the court's deadline — is "unreasonable." This is especially true given the fact that the defendants were timely served; thus the case itself was not delayed. This slight delay stands in stark contrast to the delays generally considered unreasonable. *Cf. Streu v. City of Colorado Springs*, 239 P.3d 1264, 1269 (Colo. 2010) (affirming dismissal with prejudice after a seventeen-month delay); *Rossi v. Mathers*, 749 P.2d 964, 965-66 (Colo. App. 1987) (affirming dismissal with prejudice where litigation was pending for three years and the plaintiff had not identified a medical expert who would testify at trial); *see also* C.R.C.P. 121, § 1-10(3) (noting that

10

no activity of record "in excess of [twelve] continuous months" is deemed prima facie failure to prosecute).

¶ 26 Beyond the short delay, the district court didn't consider or address any other factor. But even on this limited record, it's clear that the defendants were timely served, the short delay in filing the returns of service did not prejudice the defendants or cause difficulties in trying the case, and Montgomery quickly renewed his efforts to prosecute the case by filing the affidavits and motion to reopen. Because the district court failed to consider whether the factors supported dismissal for failure to prosecute, and because none of them do, the court abused its discretion by denying the motion to reopen.

¶ 27 Finally, independent of the factors, under the circumstances here, we conclude that the court's dismissal of the action for an essentially one day delay in filing the returns of service was manifestly unfair. *See Spahmer v. Gullette*, 113 P.3d 158, 161 (Colo. 2005) (concluding that although "the trial court applied the correct statute to the facts of the case," its decision was nonetheless "manifestly unfair" so as to constitute an abuse of discretion).

### III.  Appellate Attorney Fees and Sanctions

¶ 28   Considering our disposition, we decline Iron Spear's request to sanction Montgomery and both defendants' request for appellate attorney fees and costs.

### IV.  Disposition

¶ 29   We reverse the judgment and remand the case to the district court to reinstate the complaint.

JUDGE HARRIS and JUDGE MOULTRIE concur.